M’Gibk, C. J.,
delivered the opinion of the Court.
This was an action of trespass, qitare clausum fregit, for cutting and carrying away timber. The first plea is not guilty; the second, liberum tenemenium. Both pleas are found for the defendant.
The case appears to be, that Dodier and wife, one of the defendants, some years ago, made a deed of a part of a tract of land to L. Labeaume, husband of the plaintiff. That by that deed the wife relinquished her dower. That afterv/ards Labeaume applied to the Circuit Court, after the death of Dodier, for a division of said land, to have his part allotted, which was done. There was testimony of the death of Labeaume, and that he, before his death, after said land was divided, exercised rights of ownership over that part assigned to him, by cutting wood thereon; that before and at his death he devised said land to the plaintiff; that she exercised like acts of ownership from time to time, till the trespasses complained of.
The Court instructed the jury, that the testimony was insufficient to sustain the action.
*442 This instruction was wrong. It is not the province of a Court to say, testimony before a jury is insuilicieut to prove a fact in issue. But, furthermore, in this case the widow of Dodier must have been, and in fact was, a party to the petition of Labeaume for a division. She was properly a party to the petition and partition; for though she might claim no dower in the part of the land claimed by Labeaume, yet she had a right to dower in the balance of the tract, and it was her interest to see that there was a proper division. With respect to any right she could claim under her husband, she is bound by the division, and when the partition was made, Labeaume, with respect to her rights, accruing under Dodier, and with respect to the rights of Dodier’s heirs or privies, this deed, and the partition therein, is possession enough. What more could they desire, to enable them to know the extent of the right, especially when accompanied by acts of ownership on the part of the plaintiff ? But with respect to the other defendants, there is no evidence that they ever were in a condition to be bound by the acts of Dodier. They do not appear to be privies with respect to Pelagie Dodier. She is shown to have been pr operly a party to the partition; but she may explain and show that the party under whom Labeaume claims, had nothing in the premises, and then she will stand, as any other person would do, who had no share in this transaction. For these reasons, the judgment is reversed, and sent back for a new trial.
With regarf to the sufficiency of the notice, or note of it on the transcript of the partition, the fact that the Court said notice had been given, is enough. We will presume the Court thought the notice good, otherwise it would not have made a decree. The facts that satisfied the Court on this point, are not necessarily to be put on the record.