MAY TERM, 1838.

Stothert v. Knox.

---

JOHN D. STOTHERT v. GEORGE KNOX.

*One partner cannot maintain assumpsit against another partner, whilst the partnership concerns remain unadjusted.*

APPEAL from the circuit court of Boone county.

*Hayden,* for plaintiff:

The plaintiff has assigned for error the several opinions of the court, and will insist before this court upon the following points:

1. That the court erred in refusing to give the instruction prayed for by the plaintiff.

2. That the court erred in not setting aside the nonsuit, and in refusing to grant him a new trial.

The ground upon which the circuit court refused to give the instruction to the jury was, that from the evidence in the cause, it appeared that the debt claimed was one which grew out of a partnership transaction, and that, therefore, the remedy was in chancery and not at law; and as the errors alleged depend upon the same principle, I shall consider them together. It is insisted that the action is well conceived, and ought to be maintained. In Gow on "Partnership," page 113, it is laid down as the law, that where one partner pays a debt for which he and his partner are liable, he may receive or enforce a contribution from him by the action of assumpsit—see the same book, pages 114, 115, et seq.—See, also, Mass. Rep. Stephen Bringham v. Evleth, 538; same book, John C. Jones and others v. Nathaniel Harradan. These cases decide that assumpsit for a debt will lie whenever the action of account will lie—1 Leon. 219; Moore, 458; 12 Mod. 517; and in the last case referred to in Massachusetts, the court says that it was the opinion of Lord Holt that whenever the action of account could be maintained, indebitatus assumpsit might be also; and the Massachusetts court in that case has expressly decided, that, as the statute of 4 and 5 Anne, giving remedies by action of account to tenants in common and joint tenants against their companions, had been adopted in Massachusetts as law, and as the statute is a remedial law, it ought to receive a liberal construction; that it was enacted to provide a relief which could not be had at common law, and that an equitable construction ought to be given to it, so as to entitle a party to maintain indebitatus assumpsit, wherever the action of account would lie—saying that such equitable construction of the statute had been countenanced by long practice. Such the court declares to have been the decisions of the English courts after the passage of the same act. And the court will perceive, by reference to our Digest, 1st chapter, title "Accounts," that the legislature of this State, in February, 1835, passed an act regulating and giving the action of account as fully as did the statute of Anne; and such has been our statute law since the year 1825. Indeed, I cannot perceive why the action of indebitatus assumpsit is not, upon principle, as well adapted to the case as the action of account would be. The de-

fendant can make the same defence in the one action as in the other; and the proof in both cases on the part of the plaintiff is the same; and I defy any gentleman to give any reason why there should be a different remedy adopted by a party paying a joint debt, (contracted by co-partners,) after a dissolution of the partnership, out of the individual estate of the partner, (as in this case,) and a payment of a debt of two or more by one of the co-obligors, where such debt did not grow out of a partnership transaction. The principle of law, which requires parties, being *in eaquali jure*, to bear equally the burden, is the same in both cases. It cannot matter, upon principles of law, in what manner the joint legal liability arose, so that it existed, and was discharged by the plaintiff. In this case, it is not necessary that the court should inquire into the accounts between the partners during the existence of the partnership; it had ceased for years, upon a dissolution made by them; it was insolvent, and the effects of the concern had been exhausted out of which the creditors of the partnership were intitled to the payment of their debts first, had they been sufficient for the purpose, in exclusion of the creditors of the partners individually. The record shows no existing claims by the partners against each other which arose during the partnership, but it shows an application of the individual estate of the partner, Stothert, coerced by the process of the law, in discharge of a debt for which the defendant is equally liable. Now it is clear, that partners never expect, nor have they a right to require, any part of the individual estate of each other to be appropriated to the payment of the debts of the partnership. They have no claim to the application of any thing belonging to their fellows, as betwixt themselves, to the liquidation of the partnership debts. The decisions read to the court by defendant give no good reason why the present action cannot be maintained. Where payments are made during the existence of the partnership by the partners, respectively, a presumption may rationally arise that the payments so made are made out of the partnership effects, each party having like control over the effects, and, so far, are all bound alike.

*Kirtly*, for defendant:

The principal question in this case grows out of the instruction asked by defendant and refused by the court; that is, can one partner of a firm, associated as merchants, paying a part of a co-partnership debt out of his

individual effects, recover in an action of assumpsit, by separate suits, off of each of the other members of the firm, by way of contribution, their just part of such payment? In other words, under the facts as preserved in the record, can this action be sustained? That it is misconceived and will not lie, I consider settled by a current and weight of authority, both English and American, perfectly irresistable.   In  Foster v. Allerson, 2 T. R. 480, it is said by Buller, and assented to by the court, where there has been a dissolution of the partnership, and an account settled, there would be a sufficient consideration for a promise, and assumpsit would lie.   In Moravia v. Levy, 2 T. R. 483, there was a balance struck and an express promise to pay; and it was objected that, there being a covenant to account, assumpsit would not lie; and Buller deciding, said there was an express promise to pay the balance struck; otherwise the objection would have been good.   In 3 Star. Evi. 1082, it is laid down as a perfectly settled principle, that one partner cannot sue another at law whilst the partnership accounts remain unliquidated, and the accounts must be settled and the balance struck—2 Star. Evi. 124. So long as any partnership concerns remain unadjusted, such action cannot be maintained by one partner against another, and refers to 2 D. & E. 479, 483, Robson v. Curtis; 1 Star. N. P. C. 78; 1 Chitty's Rep. 127.   The same principle is now admitted by Gow, in his work on Partnership, in his 3d ed. page 79, although he stated the doctrine differently in a former edition.   And it will be found that the cases referred to by Gow, in his first American edition, do not warrant the principle he extracts from them.   Watson, also, in his work on "Partnership," examines the English authorities, and establishes the same doctrine, 296; so, also, 1 Chitty's P. 279, 100, 102; 1 B. & C. 76, Holms v. Higgins; 1 B. & C. 74, Milburn v. Codd; 7 B. & C. 419; 6 B. & C. 149: all coming fully up and sustaining the doctrine above laid down.   In the different States of this Union, different rules, to some extent, have prevailed, but as far as I have been enabled to examine or ascertain, they all concur that it is a final balance only which can be recovered in assumpsit by one partner against another.   In New York, assumpsit will not lie, even for a final balance, except on an express promise.   And so in Casey v. Brush, 2 Cain's Rep. 293; Murray v. Bogart, 14 J. R. 318; Holstead v. Schmelzel, 17 J. R. 80; Westerlo v. Evertson, 1 Wendell, 532; Niven v. Spickeman, 12 J. R. 401.   So in Pennsylvania,

where they have no distinct court of equity, until a settlement of accounts and a balance struck, this action cannot be maintained—see Ezlar v. Johnson, 4 Dallas' R. 434; 1 Binney's R. 192, Lamalere v. Caze; 1 Wash. C. C. R. 435.

In Massachusetts, the action must be for a final balance between the partners, and must terminate all their partnership transactions; and so when several partners gave their note to raise money with which the partnership debts were paid, they could not maintain assumpsit for contribution against another partner who did not contribute for his proportion, although the company had ceased to do business, there being no settlement between the partners, and no promise to pay—Haskell v. Adams, 7 Pick. R. 59.

In the Reports of a number of the other States, as far as I have had the opportunity of examining, there are no adjudicated cases on this subject; because, as I conceive, the question has been considered too well settled to be stirred at law. I find none in the Reports of Kentucky or Virginia; and, in our own, the only case I find bearing on the question involved in this action, is the case of King v. Ham—3d Semi-annual part, Mo. R. 275. As reported, it was an action brought by Ham against King, in assumpsit, for work and labor as a journeyman tailor. The defence was, that the work and labor was done by Ham as King's partner. The partnership was proved, yet Ham had judgment, and this court reversed the judgment, holding the defence valid.

In conclusion, it is admitted that there have been decisions, which, at the first blush, seem to be exceptions to the doctrine I contend for. But on examination, they will be found to be cases where the cause of action arose before the partnership was consummated; or where the money of an individual partner has been wrongfully carried to the partnership accounts; or where one partner accepts a bill drawn by another; or the partnership related to a single transaction; and, in some cases, of special partnership, and where no account was necessary between the partners. This case is like none of these; for, by the plaintiff's own witness, it is shown that this is a general partnership, with two establishments, contracting debts with a single individual to the amount of $40,000, where there has been no accounting as to the stock paid in by each, or the sums received by any from the concern, and where it is utterly impossible that, at law, justice can be done without at least as many suits as

there are partners; and not then, for chancery alone, by
its peculiar powers is competent to do it. Besides,
this payment by Stothert was voluntary, without notice
to his copartners, and as a compromise for himself, to re-
lease his own shoulders alone from the burden, and to
protect his own person and property from future liability;
and that in a suit which, if defended, must have failed,
for Ward, who was made a defendant, was no partner,
and could not be joined with them for a partnership
debt. Knox, too, made his own compromise; and from
aught that appears in this suit, has paid his full proportion
of all that Thomas may have received in satisfaction of
his claim.

Opinion of the court by EDWARDS, Judge.

This was an action of assumpsit, with the common
counts, brought by Stothert against Knox in the Boone
circuit court. Knox pleaded non assumpsit and set-off,
and a special plea. Issue to the first plea, and replica-
tions and issues to the others.

In 1826, Stothert and Knox, with James S. Lane,
Luman Parker, and William P. Tilton, associated them-
selves as partners in buying and selling merchandize. In
1827, and during said partnership, they purchased goods
of Moses Thomas, of Philadelphia, to the amount of $40,-
000, for which they became indebted. The partnership
proved a losing business, and was dissolved before any
part of said debt was discharged. The partners made
no settlement of their accounts, and struck no balance as
to the business of the firm. They were afterwards sued
by Thomas for the aforesaid debt of $40,000, and the
individual property of said Stothert being attached, he
paid and satisfied, out of his own separate and individual
estate, $10,000 to said Thomas, on account of said part-
nership debt.

On this state of facts, the plaintiff moved the court to
give the jury the following instruction: "That if the
plaintiff paid out of his individual property ten thousand
dollars, in part satisfaction of a debt due from the com-
pany, of which both plaintiff and defendant were mem-
bers, to Moses Thomas, that then the plaintiff is entitled
to recover against the defendant such portion of the
money as the defendant is bound to contribute." This
instruction the court refused, and the plaintiff excepted.
The plaintiff then took a nonsuit, and afterwards moved
to set it aside, and asked the court to grant him a new

MAY TERM,
1838.

One partner can-
not maintain as-
sumpsit against
another partner,
whilst the part-
nership concerns
remain unadjust-
ed.

trial, because the court had erred in refusing the instruction. This motion the court overruled, and the plaintiff excepted, and assigns for error, that the court refused the instruction, and overruled the motion to set aside the nonsuit and to grant a new trial.

After an account has been liquidated between two partners, and a balance struck, an action of assumpsit will lie to recover the balance; but here no settlement has been made between the partners, and no balance struck, and the rule is otherwise. One partner cannot maintain assumpsit against another while the partnership concerns remain unadjusted. The weight of English and American authorities go in support of this rule, and so the law should be settled here—14 J. R. 318; 17 J. R. 80; 12 J. R. 401; 12 Mass. 34; 7 Pick. R. 59. The circuit court committed no error in refusing the instruction asked by the plaintiff, and in overruling the motion to set aside the nonsuit and grant a new trial. The judgment of the circuit court should therefore be affirmed; and the other judges concurring, it is affirmed.