## RUCKER v. EDDINGS.

1. The circuit courts may, in the exercise of the discretion with which they are entrusted in regard to the relaxation of the rules of evidence, allow the parties to a case to introduce testimony out of its order. But this discretion is to be exercised in furtherance of justice, and in a manner so as not to encourage the tampering with witnesses, to induce them to prop a cause whose weakness has been exposed.

2. After the plaintiff has closed his evidence the defendant has a right to the opinion of the court on the plaintiff's case, and the court cannot refuse the defendant's instruction on the allegation of the plaintiff, that he intends to give further evidence by examining the defendant's witnesses. The plaintiff, on the cross-examination of a witness, cannot give evidence in chief, or such evidence as should have been produced to establish his cause of action.

3. Where the rules of evidence, in the progress of a cause, have been relaxed in favor of one party, the other party has no right on that account, to disregard them. Every application for a relaxation of the rules must stand upon its own merits, without regard to what has previously been done. These principles, however, are only applicable on the supposition that the court rigidly enforces its rules, for where, by remissness in their enforcement, a disregard of them has been engendered, it would be unjust to permit one party to disregard the rules, and arbitrarily enforce them against the other party.

*Todd & Clark for Appellant.*

1st. The court erred in not instructing the jury to discharge the items of the account, not proven by him in the examination in chief.

2d. The court erred in permitting the plaintiff to prove the value of any work, without proving that the plaintiff had done the work.

3d. The court erred in permitting the plaintiff as rebutting evidence to prove in chief his cause of action.

AUGUST TERM,    4th. The court erred after *permitting the plaintiff in ex-*
1841.        planation, to prove the special agreement in the first count,

Rucker      in refusing the defendant leave to prove the nature of that
v.          agreement, and a failure on the plaintiff to fulfil it.
Eddings.
              5th. The court erred in not permitting the defendant to
give further testimony when all rules had been relaxed to
the plaintiff's benefit. 2 Lit. Rep. 232; 1 Monroe, 117, 118;
6 Littel. 269; 1 J. J. Marshall, 70–607.

*Davis for Appellee.*

*Opinion of the Court by Scott, Judge.*

The appellee, Eddings, sued the appellant, Rucker, in as-
sumpsit, and declared in his first count upon a special agree-
ment for carpenters' work to be done about Rucker's house,
at the sum of one hundred and fifteen dollars; and in a se-
cond count declared upon a *quantum meruit* for carpenters'
work. The general issue was pleaded, and upon a trial the
plaintiff below recovered $144 70.

Only such facts will be stated from the record as will be
necessary to a proper understanding of the points on which
the reversal of the judgment below is sought. It appears
that on the trial of the cause, the plaintiff below introduced
a witness, and showed him an account for work and labor
done by the plaintiff below for the appellant. The witness
proved some items of the account amounting to between
forty and fifty dollars, and after detailing a long altercation
between one Lay, who, it seems, was a partner of the ap-
pellee in doing the work, and the defendant below, in which
the one asserted that the work had been done, whilst the
other denied it, he was asked his opinion as to the value of
the residue of the work charged on the account, to which
inquiry the defendant below objected, because no evidence
had been given to show by whom the work had been done.
The plaintiff here closed his evidence in chief, and thereupon
the defendant moved the court to instruct the jury that they
would disregard all the items of the plaintiff's account not
proved. The plaintiff objected to this instruction, stating,

that he intended to prove these items by the defendant's testimony, and that he had other testimony. The court refused to give this instruction.

The defendant then introduced the before mentioned Lay as a witness, who testified that he was the partner of the plaintiff in doing the work in the account specified, and was entitled to one half of the amount to be recovered in this action. The plaintiff on a cross-examination of the witness was permitted by the court to prove his whole account, and the value of the work done; to this the defendant objected. After the examination of this witness, the defendant stated to the court that he had other witnesses to other points of his defence, but that on the evidence of the witness Lay he would rest his cause. And thereupon moved the court to instruct the jury that if they believe the witness, Lay, and the plaintiff were partners at the time of making the contract and doing the work charged in the plaintiff's account, they will find for the defendant. This instruction, with others of a like import, were objected to by the plaintiff, and whilst they were under discussion, the bill of exceptions states the plaintiff's counsel stated to the court that Lay, the witness, did not testify that he was a partner in making the contract for the work sued for, and applied to the court and had leave to recall the said witness, the defendant consenting. The witness on this last examination stated, that at the time the contract was made between plaintiff and defendant, he had not undertaken with the plaintiff to give him the job ; that he and plaintiff had conversed about the job, had calculated the work, yet plaintiff went alone and made the contract, and the witness did not join him therein until the next time he saw him after the contract was made. Whereupon the defendant asked leave to withdraw his instructions, and introduce witnesses to other matter of defence, stating that the evidence was for the purpose of proving a special contract for the work ; and that it had not been completed. To this the plaintiff objected and was sustained in his objection by the court. The refusal of the court to give the first instruction asked for; the permission given to the plaintiff to give evidence in chief on the cross-

examination of the defendant's witness, and its refusal to permit the defendant to introduce evidence in the defence after the withdrawal of the last instructions, are errors complained of by the defendant.

The law has intrusted courts with a discretion in allowing the parties to a cause to obviate the effects of inadvertance by the introduction of testimony out of its order. This discretion is to be exercised in furtherance of justice, and in a manner so as not to encourage the tampering with witnesses, to induce them to prop a cause whose weakness has been exposed. When mere formal proof has been omitted courts have allowed witnesses to be called or documents to be produced at any time before the jury retire, in order to supply it. 1 Starkie, 181. So it seems that material testimony ought not to be rejected because offered after the evidence is closed on both sides, unless it has been kept back by trick, and the opposite party would be deceived or injuriously affected by it. 4 Binney, 198. So after a witness has been examined and cross-examined, the court may, at its discretion, permit either party to examine him again, even as to new matter, at any time during the trial. 5 Binney, 489.

The circuit courts may, in the exercise of the discretion with which they are entrusted in regard to the relaxation of the rules of evidence, allow the parties to a case to introduce testimony out of its order. But this discretion is to be exercised in furtherance of justice, and in a manner so as not to encourage the tampering with witnesses, to induce them to prop a cause whose weakness has been exposed.

So where by an accidental omission plaintiff's attorney does not call and examine a witness who was present in court, and a non-suit is moved for after he has rested his case, the court will permit the witness to be examined in furtherance of justice. This court is sensible of the disadvantages under which it labors in revising the discretion of the circuit courts in matters of this kind, and a strong case must be presented for its interference before it can be induced to disturb the judgment of inferior courts by revising the exercise of the discretion with which they are entrusted in regard to the relaxation of the rules of evidence. It must be manifest to any one conversant with the trial of causes that the court before which a trial is had, from having an opportunity of seeing the conduct of parties, of witnessing the difference in the experience of the opposite counsel, and many incidents which cannot be set out in a bill of exceptions, and which influence the exercise of its discretion, (and properly too,) has superior means for a wise

and judicious exercise of this power than is possessed by this court, which is confined entirely to the facts spread upon the record.

The defendant had unquestionably a right to the opinion of the court on the plaintiff's case after he had closed his evidence, and the court should not have refused the defendant's instruction on the allegations of the plaintiff that he intended giving further evidence by examining the defendant's witnesses. The purpose of a cross-examination is to explain the evidence in chief of the witness, or to elicit some fact which may impair or destroy its weight. The plaintiff, on the cross-examination of a witness, cannot give evidence in chief, or such evidence as should have been produced to establish his cause of action: and after the evidence has been closed on both sides, the general rule is to refuse either party permission to introduce additional testimony. These rules have been established to preserve order and regularity in the conduct of causes, and to prevent the unnecessary consumption of time, and should be sternly enforced by the court, subject to the discretion above mentioned. But after the rules have been relaxed in favor of one party, it seems that he would appear with an ill grace in demanding their enforcement against his adversary. It is not intended hereby to convey the idea that because the rules of evidence in the progress of a cause have been relaxed in favor of one party, that the other has a right to disregard them : and because the court properly permits one party to introduce evidence out of its order, that of itself is no reason why it should do so in favor of the other, who shows no cause for the relaxation of the rule. Every application of this kind must stand or fall on its own merits, without regard to what has been previously done. These principles are only applicable on the supposition that the court rigidly enforces its rules, for when by remissness in their enforcement, a disregard of them has been endangered, and they are permitted to slumber unobserved, it would be the height of injustice to spring them at once and without warning upon an unwary litigant. As a liberal indulgence was extended to one party well calculated to induce the other to believe that the

AUGUST TERM.
1841.

Rucker
v.
Eddings.

After the plaintiff has closed his evidence the defendant has a right to the opinion of the court on the plaintiff's case, and the court cannot refuse the defendant's instruction on the allegation of the plaintiff, that he intends to give further evidence by examining the defendant's witnesses. The plaintiff, on the cross examination of a witness, cannot give evidence in chief or such evidence as sh'd have been produced to establish his cause of action.

Where the rules of evidence, in the progress of a cause, have been relaxed in favor of one party, the other party has no right, on that acc't, to disregard them. Every application for a relaxation of the rules must stand upon its

AUGUST TERM, 1841.

Rucker
v.
Eddings.

rules would not be enforced against him, was there no other reason, that would be sufficient error to reverse the judgment in this cause.   But here, as the defendant was deprived of the evidence on which he rested his defence, by an explanation of the witness at the instance of the plaintiff, although with his consent, yet as it appears that the defendant had represented to the court before he closed his evidence, that he had other testimony, but was willing to go to the jury with what he had, and as the explanation of the witness entirely cut up his defence, it does seem that a proper exercise of the discretion of the court would have let him into his defence.

The judgment of the circuit court is reversed.

own merits. without regard to what has previously been done. These principles, however, are only applicable on the supposition that the court rigidly enforces its rules, for where, by remissness in their enforcement, a disregard of them has been engendered, it would be unjust to permit one party to disregard the rules, and arbitrarily enforce them against the other party.