## BOMPART *vs.* BOYER.

If a party wishes to avail himself of error in the giving or refusing of instructions, he must save his exceptions at the time the instructions are given or refused.

APPEAL from the Court of Common Pleas of St. Louis County.

Bogy *and* Hunton, *for Appellant.*

Polk, *for Appellee.*

Tompkins, *Judge, delivered the opinion of the Court.*

Pelagie Boyer sued Louis Bompart in the Court of Common Pleas of St. Louis county, where judgment being given for her, Bompart appealed to this Court.

Much evidence was given on each side, and two instructions asked by the appellant were refused. No exception was taken to the refusal of the court to give these instructions.

The court, after the evidence was given in, gave several instructions, none of which were excepted to. After the jury had brought in their verdict, the defendant moved the court for a new trial, for the usual reasons: First, that the

verdict is against evidence, and against the instructions of the court; and the court gave erroneous instructions, and refused the defendant's instructions.

In the first place, as these instructions given were not excepted to, and as the refusal to give the defendant's instructions was not excepted to, it must not now be expected to reverse the judgment of the Court of Common Pleas on that account.

There was much conflicting evidence, and all the instructions given by the court were hypothetical.

It is impossible for this Court to know what the jury believed. They might well have believed facts to justify their finding, under the instructions of the court. The verdict of the jury appearing to be supported by the evidence in the cause, and no exceptions being taken to the giving or refusing of instructions by the Court of Common Pleas, the judgment must be affirmed.