HARRIS vs. WOODY.

1. In an action for charging a party with swearing a lie, there must be a *colloquium*, shewing that the testimony referred to, would, if false, constitute perjury.

2. In such case, it is necessary to prove a trial, and that the testimony given was material to the issue tried.

3. It is the province of the court to determine upon the legal effect of testimony, and an instruction, that admitting the testimony to be true, the plaintiff cannot recover, it is in the nature of a demurrer to evidence, and may well be given.

Harris vs. Woody.

APPEAL from Greene Circuit Court.

PHELPS, for appellant.

### POINTS AND AUTHORITIES.

1. The court erred in instructing the jury. The instructions directed the jury to find for the defendant. Hughes vs. Ellison, 5 Mo. Rep. 112.

Error in court to instruct that the evidence is not sufficient. Labeaume vs. Dozier, *et al.* 1 Mo. Rep. 618.

Error to give an instruction which takes the case from the jury. Morton vs. Reed, 6 Mo. Rep. 64. Berry vs. Dryden, 7 Ib. 224.

2. That upon the evidence, plaintiff was entitled to recover. The words as laid in the declaration were proven; and the obvious import of the language is, to impute to plaintiff the crime of perjury. The declaration avers the words to have been spoken of the testimony given by plaintiff in a trial between Maryfield & Gwinne. The testimony was that the words were spoken of the testimony in a trial between Maryfield & Gwinne, or Woody & Gwinne : this is no variance. Hibbler vs. Servoss, 6 Mo. Rep. 24.

3. That the court erred in entertaining a motion to instruct the jury, before defendant had announced he had closed his case.

WINSTON, for appellee.

The points relied on by the defendant to sustain the judgment below, are :

1. That as the words proved to have been spoken were not actionable of themselves, but could only be made so by referring to some judicial proceedings, in which the plaintiff had given evidence, it was necessary not only to prove that the defendant had spoken the words in reference to the plaintiffs swearing, but that the plaintiff's swearing had been about a matter material to the issue. See 20 Johnson's Rep. 344; 12 Wendell, 500, 50; 14 Wendell, 120; 1 Wendell, 476; 1 Cain's R. 347; 13 J. R. 81, 48, 68; 2 J. R. 10; 6 J. R. 10; 6 J. R. 82.

2. The first count in the declaration was defective and bad, because it did not state, that on the trial of the cause, about which the words were spoken, the plaintiff had given evidence material to the issue; and as the evidence given, was only applicable to that count, the court did right in excluding it from the jury; because if the jury had given a verdict for the plaintiff on that count, the judgment ought to have been arrested.

8

3. That the words charged in the first count, and proved on the trial, were not actionable *per se,* I presume is too clear for argument.

Scott, J. delivered the opinion of the court.

This was an action of slander in the Greene Circuit Court, instituted by Harris against Woody, in which Woody obtained judgment, from which Harris has appealed to this court.

The declaration contained three counts: the first alleges that there was a suit pending in the justices' court, in which the plaintiff was sworn as a witness; and that the defendant, speaking of the testimony given by the plaintiff on the trial of the said cause, said he had sworn a lie, or a damned lie, and could prove it. There is no allegation in this count, that the matter sworn to by the plaintiff on the trial, was material to the issue. The other counts charge, that the defendant said that the plaintiff had committed perjury. There was no evidence in support of these counts. On the trial in tne circuit court, the words charged in the first count were proved to have been spoken by the defendant, but there was no evidence of the materiality of the plaintiff's testimony to the issue tried in the justices' court, nor was there any evidence of any trial having ever been had in the justices' court. After the plaintiff had closed his case, the defendant moved the court to instruct the jury, that admitting the evidence given by the plaintiff to be true, yet he cannot recover, which instruction the court gave.

It is well settled, that to charge a person with swearing a lie, without a colloquium shewing that the false oath was made under such circumstances as would constitute perjury, is not actionable. Bacon, title Slander, letter B; Mahan vs. Berry, 5 Mo. Rep; Palmer vs. Hunter, 8 Mo. Rep. In this last case it was held, that a declaration deficient in these respects, would be good after verdict, on the presumption that a court would not permit a party to take a verdict without proof of all circumstances necessary to entitle him to a recovery. The case now under consideration, differs from that of Palmer vs. Hunter, in this, that the objection is made before the verdict. The plaintiff having submitted his cause, and having offered no evidence of the pendency of a suit in the justices' court, and none of the materiality of the matter sworn to by the plaintiff on trial, we are of opinion the court properly gave the instruction asked for by the defendant.

The objections that the court by the instruction which was given, took the trial from the jury and usurped its province, is not sustained by the cases of Hughes vs. Ellison, 5 Mo. Rep. 112; Labeaume vs.

Dozier *et al*, 1 Mo. Rep. 618, and others, cited by the plaintiff. These were cases in which the courts undertook to direct the jury as to matters of fact; but the instruction complained of does not intermeddle with the facts, but simply pronounces the law arising on the evidence introduced and admitted, to be true. The instruction was in the nature of a demurrer to the evidence.

We cannot see any force in the point that the court gave the instruction at the instance of the defendant, before he announced that he had closed his defence. The plaintiff had closed his case, and the defendant was at liberty to take his own course. He had a right to ask instruction, without saying he had closed. The refusal of his instructions might have rendered it necessary to introduce evidence on his part. Such a course contributes to the despatch of business, and shortens a trial, that might otherwise be unnecessarily prolonged. This is a matter of practice, so entirely in the discretion of the Circuit Court, that it would be extremely inconvenient for this court to interfere. Rucker vs. Edding, 7 Mo. Rep. 115.

Judgment affirmed.