JOHNSTON, Respondent, v. MASON *et al.*, Appellants.

1. The character of a notice to endorsers of the dishoner of a promissory note may be proven by parol testimony. A notice to produce the notice is not necessary.
2. After the plaintiff in an action against the endorsers of a promissory note has closed his testimony and an instruction has been moved upon it, it is not error to permit him to recall a witness to show the character of the notice given to the endorsers.

*Appeal from St. Louis Court of Common Pleas.*

*Gray*, for appellants.

*Shreve*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

There was no error in permitting the plaintiff, after his case was closed and an instruction moved on it, to show the

character of the notice he had given the endorsers. (Rucker v. Eddings, 7 Mo. 115.)

By a reference to the forms appended to the revised code of 1855, it will be seen that the allegation that the endorser of a bill of exchange had " due notice" is sufficient.

A notice to produce a notice is not necessary. (Christy's Adm'r v. Horne, 24 Mo. 246.) The contents of the notice of the nonpayment of the note were legally proved by parol. Although the statute requires that notarial acts shall be recorded, it would not follow that a notice of nonpayment should be literally copied. A memorandum of the time and circumstances of the notice would be a compliance with the law.

The other judges concurring, the judgment will be affirmed.