## DOZIER, Respondent, v. JERMAN, Appellant.

1. Though amendments should be liberally allowed in furtherance of justice, yet the discretion of the inferior courts will not be controlled by the supreme court unless it has been manifestly abused.
2. Where a defendant prays the court on the trial to be allowed to amend his answer, and the court refuses to grant the motion, but allows the defendant to introduce evidence in support of the issue raised by the proposed amendment, and fully submits said issue to the jury by the instructions given, the discretion of the court in the allowance of amendments is not abused.
3. A party wishing to avail himself of error in the giving or refusing of instructions must take his exception at the time they are given or refused; it is too late to make his objections for the first time on a motion for a new trial.
4. It is discretionary with the courts to relax the rules of evidence as to the order of examining witnesses or introducing testimony; material testimony should not be excluded because offered after the testimony is closed, unless it has been kept back by trick, and the opposite party would be deceived or injuriously affected by it.
5. Wherever the jury is authorized, in a case of unliquidated damages, to allow interest in estimating the damages, the interest is not recoverable as such in addition to the damages assessed by the jury, but must enter into the estimate made by the jury and be found as a part of the damages assessed.

*Appeal from St. Louis Court of Common Pleas.*

This was an action to recover damages for an alleged wrongful sale, by the direction of the defendant, of certain real estate belonging to the plaintiff, and conveyed by him to a trustee to secure a certain note for $2,140 executed by the plaintiff and held by the defendant. The plaintiff sets forth

Dozier v. Jerman.

in his petition that when the note became due he was unable to pay it, and entered into an agreement with the defendant, through the agent of the latter, for an extension of six months; that in violation of this agreement, although a portion of the consideration therefor was paid and all of it offered to be paid, defendant directed the trustee to make sale of the property; that sale was accordingly made, while the plaintiff was absent dangerously ill, at a great sacrifice. The facts in evidence, so far as they bear on the questions decided by the court, are sufficiently set forth in the opinion of the court.

*Mc Clellan, Moody & Hillyer*, for appellant.

I. The court erred in refusing the amendment asked. The matters embraced in it constituted a defence. The verdict returned by the jury was either void for uncertainty, or it was good for the principal amount stated, and the item of interest should have been treated as surplusage. The court erred in computing the interest. The court had no right to determine what " sale" the jury intended, or its date. Jury could not give interest as such. As to the power of the court to amend a verdict, see 3 Brev. 113; 8 Ired. 528; 1 H. Bl. 79; 1 Mass. 153; 6 N. H. 518; 4 Call, 522; 3 Yerg. 327; 1 Monr. 52; 3 Comst. 327; 12 Ill. 61; 2 Greene, 191; 19 Mo. 239; 2 Maine, 37. The court also erred in giving and refusing instructions. The agreement between Dozier and Jefferson Jermain, the alleged agent of defendant, was usurious; it was therefore binding on neither party. (5 H. & Jo. 193; 17 Mass. 258; 13 Pick. 518; 7 N. H. 326; 5 Mass. 395; 4 N. H. 285; 4 Dall. 298, 308; 6 Binn. 321; 4 S. & R. 159; 2 id. 159; 14 Johns. 146; 5 Day, 452; 8 Johns. 304; 4 Rawle, 185; 2 Shepl. 404; 14 Mass. 322; 15 Mass. 39; 1 Binn. 118; 4 Halst. 352; 7 Mo. 585.) The court erred in permitting Alton Long to testify after the plaintiff and defendant had both rested.

*S. T. & A. D. Glover*, for respondent.

I. The proposed amendment on the trial was properly refused. The court committed no error in giving or refusing instructions. The evidence fully sustained the verdict.

EWING, Judge, delivered the opinion of the court.

During the progress of the trial the defendant offered to amend the answer (it having been already once amended on the trial) by alleging the existence of certain encumbrances on the land in question; that the plaintiff was the owner in fee of but an undivided half thereof, and that he failed to make known said encumbrances to the defendant pending the negotiation for an extension on the note. The amendment being refused, exceptions were taken, and this ruling of the court is one of the errors assigned. It might be sufficient to say, on this point, that the conceded discretion of the courts in the matter of amendments on the trial, even though the proposed amendment may have contained matters of defence to the action, was not, in our opinion, wrongly exercised in this instance, and does not call for our interference. The spirit of our code, it is true, favors a liberal practice in this respect, and amendments should be encouraged in furtherance of justice, but the discretion of inferior courts will not be controlled by this court unless it appears to have been manifestly abused. Moreover, the first amendment embraced substantially the matters set up in the one refused as to the encumbrances; and the only additional allegations related to the plaintiff's knowledge of them at the time of the negotiation respecting the note, his failure to communicate them to the defendant, and that he was the owner in fee of but one-half of the land. These facts defendant relies upon as a defence to the action, and he alleges that they gave him the right to repudiate the contract, or exonerated him from any obligation to accept it. But notwithstanding the amendment was refused, it seems that the defendant had the benefit of it on the trial, and in the instructions of the court, as fully as if it had been formally incorporated into his answer, and thus made a part of his defence; for it appears from the bill of exceptions that the facts alleged in the proposed amendment were disclosed in the testimony of witnesses, particularly that of Mr. McClelland, and that they were allowed to go before the jury without objection. The most

Dozier v. Jerman.

material of these facts consisted of the agreement in writing between the plaintiff and one Watkins, bearing date July, 1854, by which it appears that they were the joint purchasers of the land from Mitchell; that plaintiff was the owner of but one undivided half thereof, and that in consideration of the sale of Watkins to Dozier of one-half (his interest) of the property, Dozier assumed the total liability to Mitchell for the purchase money, and also became liable to Watkins for additional sums on other accounts; also sundry judgments against the plaintiff for various sums, which appear to have been unsatisfied at the date of the transaction which gave rise to this suit.

Again, the issue, which is raised by the proposed amendment, was not only thus really presented to the jury in the evidence alluded to, but was distinctly submitted to them in an instruction asked by the defendant and given by the court. That instruction is as follows: "That if the jury believe from the evidence that an agreement was made between plaintiff and defendant for an extension of the loan mentioned in the plaintiff's petition, and that by the terms of said agreement plaintiff was to execute a new deed of trust on the land, and that the agent of plaintiff, in negotiating for the new deed of trust, represented to defendant or defendant's agent that the title to the land was clear; and if the jury further believe from the evidence that at that time plaintiff had a fee simple title to only one-half of the land, and a bond for the title to the other half, which bond was subject to conditions involving matters of unsettled account, and there were judgments and other liens upon said land, then defendant, on being informed of these facts, had a right to repudiate such contract and to decline accepting the new deed of trust."

The jury having thus passed upon the questions embraced in the amendment offered, nothing was lost to the defendant by overruling the motion to amend, and he has no cause of complaint by reason of the ruling of the court in this respect.

It appears that no exceptions were taken to the giving or

refusing of instructions, and this relieves us of the necessity of examining them. A party wishing to avail himself of error in giving or refusing instructions must save his exceptions at the time they are given or refused, and it is too late to make his objections for the first time on a motion for a new trial. (Bompart v. Boyer, 8 Mo. 234; id. 656; 14 id. 367.) No point being raised until the motion for a new trial in the court below, the objection can not be entertained in this court. We may remark, however, that the instructions given present the law of the case arising upon the issues and evidence fully to the jury, and of the instructions refused several of them were embraced substantially in those that were given, and the others were erroneous as legal propositions.

The defendant excepted to the ruling of the court in admitting the testimony of Alton Long against his objection. The bill of exceptions, however, shows that the objection was *general*, and this would be a sufficient reason for disregarding it here; for where evidence is objected to, the bill of exceptions must show the specific ground of objection, otherwise it can not be considered in this court. (Fields v. Hunter, 8 Mo. 128.) It appears, however, that the witness was introduced after the plaintiff and defendant had rested; and the point made by counsel in their brief is that this evidence was not in rebuttal, and was received out of its proper order. The answer to this is, that the court below is entrusted with a discretion in regard to the relaxation of the rules of evidence as to the order of examining witnesses or introducing testimony; (Rucker v. Eddings, 7 Mo. 115;) and there was manifestly no abuse of that discretion in admitting the testimony of Col. Long. Material testimony should not be excluded because offered after the evidence is closed on both sides, unless it has been kept back by trick, and the opposite party would be deceived or injuriously affected by it. (Ib. 4 Binn. 198.)

An objection is taken to the verdict of the jury, and to the judgment of the court thereon allowing interest on the dam-

Dozier v. Jerman.

ages found by the jury. The verdict was for "five thousand two hundred and fifty-three dollars, with interest from day of sale." The jury having been discharged, the court, on plaintiff's motion, directed the interest named in the verdict to be computed, and rendered judgment on the verdict, with interest thus computed, for six thousand and fourteen dollars. This was erroneous. The action was one sounding in damages, and the amount of damages was specifically found by the jury; upon which interest, *eo nomine*, was given in addition. Interest is recoverable, as a matter of law, either by reason of an express contract to pay it, or because it is recoverable as damages which the party is legally bound to pay for the detention of money or property improperly withheld; and where it is imposed to punish negligent, tortious or fraudulent conduct, it rests in the pleasure of the jury and is given as damages. (Sedgwick, Dam. 393–405.) The general rule undoubtedly is that interest is not recoverable on unliquidated damages or for an uncertain demand; and whenever it is allowable, as in trover or trespass, for converting or taking goods—in which the measure of damages is in general the value of the property at the time of the taking or conversion, with interest—the interest is not recoverable as such in addition to the damages assessed by the jury, but must enter into their estimate of and be found as a part of the damage itself.

As to the amount of the verdict, although larger than seems to us reasonable from a view of the case as the record presented it, yet it is not so excessive as to authorize us to attribute it to wrong motives in the jury, or suppose it to have been the result of improper influences operating on their minds, more especially as there were two jury trials and the amount of damages in each case was nearly equal.

The judgment will be reversed; but judgment will be entered here for the amount of the verdict, less the interest, namely, five thousand two hundred and fifty-three dollars, and the plaintiff will pay the costs of the appeal.

Judgment accordingly; the other judges concurring.