## AUGUST SEIBERT, *et al.*, Respondents, *vs.* THOMAS ALLEN, Appellant.

1. *Practice, civil—Order of testimony—Discretion of court as to.*—The order of putting in testimony is a matter resting in the sound discretion of the trial court, and unless it is clear that this discretion has been abused to the injury of one of the parties, by some unfair discrimination or otherwise, this court will not interfere.

2. *Special tax bill prima facie evidence that land improved is a public street—Assertion of title thereto by defendant, order of proof as to.*—In suit on a special tax bill for improving a street, proof that the ground on which the work was done is a public street, is a part of plaintiff's case. And of this fact the tax bill is *prima facie* evidence, not only as against the defendant, but against the world. But an assertion by defendant of title in himself to the land claimed as a street, is an affirmative defense not necessarily involved in the issue made by plaintiff, and it is competent for him to show in rebuttal, that whatever claim defendant had thereto has been divested by acts on his part amounting to a parol dedication followed by public user.

3. *Special tax bills—Proof of defendant's title must conform to his pleadings.*—In suit on a special tax bill, when defendant's answer asserts that the title to the ground claimed as a street is in defendant, he will not be permitted to show title thereto in his wife.

4. *Instruction not applicable to pleadings.*—An instruction not applicable to any issue raised by the pleadings is properly refused.

5. *Special tax bill, suit on—Adjudication as to ownership of adjoining land.*—In suit on a special tax bill no direct adjudication as to the ownership of the land sought to be charged is required.

6. *Practice, civil—Single verdict on several counts.*—Where a petition contains two or more counts, each containing a separate and distinct cause of action, a single verdict for the plaintiff is improper.

7. *Verdict containing a number of findings—Signature of foreman to each one—Effect of.*—Where a verdict contains a number of findings, the fact that the foreman signs each one of them does not vitiate the verdict.

### *Appeal from St. Louis Circuit Court.*

### *Dryden & Dryden,* for Appellant.

Plaintiff was bound, in order to make out his case, to show that the *locus in quo* was a highway, and 2nd, that the abutting land was defendant's property. Although the tax bill proved the facts *prima facie*, plaintiff was bound to put in all his evidence relating thereto, together in chief, and could not introduce it piece-meal. If not introduced in making out his case, it is lost to him, except by grace of the court.

(Reese vs. Smith, 2 Stark. N. P., 32; Delany vs. Mitchell, 1 id., 440; Ryan & Mood., 254.) The testimony referred to was in no sense in rebuttal.

The verdict was bad because it failed to find on all the issues submitted. The most that can be said of this verdict, is, that it is an assessment of damages. (Fenwicke vs. Logan, 1 Mo., 401; Russell vs. Bancroft, id., 515; Hickman vs. Bird, id., 495; Pratt vs. Rogers, 5 Mo., 53.) It is not to be made out by an argument that the verdict intended to find the issues.

*Gottschalk,* for Respondents.

The tax bill was *prima facie* evidence of the validity of the charge (Sess. Acts. 1871, p. 193, § 1), and made out plaintiff's case. Defendants then offered evidence to show that one or more of the presumptions raised by the bill were untrue; and plaintiff had a right to rebut such evidence. (City to use vs. Coons, 37 Mo., 44; City to use vs. Armstrong, 38 Mo., 29; Kefferstein vs. Knox, 56 Mo., 106; City to use vs. Bernoudy, 43 Mo., 552; 44 Mo., 137.)

Certainly it was in the discretion of the court to permit such evidence by plaintiff in rebuttal.

Defendant's pleadings expressly admit his ownership of the land described in the tax bill.

The question of the verdict is purely technical.

HOUGH, Judge, delivered the opinion of the court.

This was an action to enforce the lien of two special tax bills issued by the proper officer of the City of St. Louis, for certain street improvements made in front of a piece of ground in said city, alleged to be the property of the defendant. The two counts of the petition were substantially the same, differing only in the description of the tax bills and the property sought to be charged. The answer to the first count is not material, as the matters in controversy here arise chiefly out of proceedings having reference only to the second count.

The answer to the second count alleged that the work was done without authority of law; that the place where it was done had never been dedicated to the public; nor in any manner legally established or opened as a street or highway, but was, at the time said work was performed, the property of the defendant; that he was the owner of the entire tract lying north of and fronting on the work done by the plaintiffs, and that the city engineer failed to assess the cost of said work as a special tax against the whole of said ground, but assessed the same against a small part only, and against other property of the defendant in no wise adjoining or fronting on said work.

At the trial the plaintiff authenticated his tax bills, offered them in evidence, and rested. The defendant then offered testimony tending to show that the ground on which the work was done had never been conveyed or dedicated to the public, and had never been condemned, and that the use made of said ground for the purpose of a highway, was with a distinct understanding on the part of the proprietors and the public authorities, that the same was to be temporary only, and not permanent. There was testimony also, that in 1843, one William Russell, who was then and for a long time prior thereto had been the owner of a large tract of land embracing within its limits the street on which the improvement was made, as well as the land sought to be charged with a lien, conveyed the same to his daughter, the wife of the defendant, for and during her natural life, remainder in fee to her descendants, if any, if not, then to revert to the grantor.

The plaintiff then offered testimony tending to show a parol dedication by the defendant of the strip of land in question, for the purpose of a highway, and an acceptance and user of the same by the public for a great number of years, together with statutes, ordinances of the city, and orders of the county court relating to the same. The plaintiff also read in evidence a deed from Mrs. Allen, in which she was joined by her husband, the defendant, and her father, Mr. Russell, by which she conveyed to one Clark the land previously con-

veyed to her by her father, excepting the east half of block 53, as laid out in the general plat of Allen's addition; also a deed from said Clark to the defendant for the same land conveyed to him by Mrs. Allen.

To the admission of all this testimony the defendant objected and excepted, on the ground that it was not in rebuttal of the defendant's evidence, but was properly evidence in chief, and part of the plaintiff's original case.

The defendant. then offered to prove that the east half of block 53, mentioned in the deed to the defendant, included the greater portion of the street on which the work was done by the plaintiff, and also the adjoining lands on both sides of said street, which testimony was excluded by the court, and the defendant excepted.

The court instructed the jury that there was no testimony tending to show a valid condemnation for public use as a highway, of the ground covered by the plaintiff's work, or any grant to the public, by deed or other conveyance from the defendant, or any one under whom he claimed. Several instructions were given declaring the law as to parol dedications, to which no objection is made here.

The following instruction asked by the defendant was refused by the court, and the defendant excepted:

"The court instructs the jury that if the ground on which the work mentioned in the petition was done was embraced within the lines of the tract conveyed to Mrs. Ann R. Allen by the deed of June 1843, from William Russell, read in evidence, the plaintiff has failed to show what he is bound to show, in order to recover, that the ground fronting on said work of plaintiffs, was the property of the defendant, and if the jury believe from the evidence in the cause, that the ground where the said work was done, was so embraced within said lines of said tract, so conveyed to said Ann R., their verdict should be for the defendant on both counts."

The jury returned the following verdict: "We, the jury find for the plaintiffs on the first count, in the sum of thirty-three hundred and ninety-four dollars and eight cents, $3394.08.

ERASTUS T. HUME, Foreman.

We, the jury, find for the plaintiff on the second count, in the sum of thirty-five hundred and sixty-five dollars and seventy-six cents—$3565.76.

ERASTUS T. HUME. Foreman."

Motions for a new trial and in arrest of judgment were made and overruled. Judgment was entered on the verdict rendered and affirmed at the general term, and defendant has appealed to this court.

The general rule undoubtedly is, that the plaintiff must open his whole case in chief, and cannot, as Lord Ellenborough expressed it, "cut his case into parts." (Reese vs. Smith, 2 Starkie, 32.) It was said in the case of Rucker vs. Eddings (7 Mo., 119) that it is improper to permit the plaintiff to prove his case in chief, by a cross examination of the defendant's witnesses; and that after the evidence has been closed on both sides, the general rule is to refuse either party permission to introduce additional testimony. But where these rules are relaxed or disregarded by the trial court in the exercise of that discretion in such matters so wisely committed to it by the policy of the law, it is not always ground for reversal by this court.

The order of putting in testimony is a matter resting in the sound discretion of the trial court, and unless it is clear that this discretion has been abused, to the injury of one of the parties by some unfair discrimination or otherwise, this court will not interfere. (State vs. Porter, 26 Mo., 201; Dozier vs. Jerman, 30 Mo., 216.)

The tax bills read by the plaintiff were by law made *prima facie* evidence of the validity of the charge against the property therein described. They were *prima facie* evidence therefore, that the ground on which the work was done was a public street. To prove this was undoubtedly a part of the plaintiff's case, and the tax bills given in evidence were competent to prove that fact, not only as against the defendant, but as against the world.

In his answer the defendant not only denied that it was a public street, but asserted title in himself. This last was affirmative defense not necessarily involved in the first inquiry,

and in one aspect of the case was wholly immaterial, as it made no difference who owned the ground, if by law the adjacent property owners could not be charged for its improvement by the city, for the reason that it was private property. It was not the duty of the plaintiff in the first instance to produce in court all record or other claims to this property and submit them to the judgment of the court; and when the defendant undertook to show title in himself, it was clearly competent for the plaintiff to show that whatever claim he had to the land had been divested by acts on his part, amounting to a parol dedication followed by public user. In ordinary cases, where no particular effect has been given by statute to any matter of evidence used at the trial, the same order of giving testimony has been sanctioned by this court. It is constantly practiced in ejectment cases. As to shifting the burden of proof, see Wolf vs. The Am. Express Co., 43 Mo., 421–425; Read vs. St. L., K. C. & N. R. R., 60 Mo., 206.

Mr. Greenleaf says there is considerable conflict in the decisions in regard to this subject in different States. (1 Greenl. Ev., § 469a.) The case of Brown vs. Murray (Ryan & Mood, 254), cited by defendant's counsel, holds that when the defense is known, the plaintiff cannot give some evidence to *meet that defense,* and reserve other evidence *having the same object,* for his reply.

In Wright vs. Wilcox (9 Man. Gran. & Scott, 650, 67 Com. Bench R., 648), this question was thoroughly examined, and the four judges sitting concurred that it was a matter in the discretion of the judge, subject of course, to the review of the court. (1 Tayl. Ev., ed. 1848, § 283–285.)

In the present case no question is made as to the admissibility of the evidence, but only to the order in which it was offered. It would not promote the ends of justice to declare the rule contended for by the defendant an inflexible one. There is nothing in the record to indicate that the discretion of the court was unsoundly exercised, or that any injury resulted to the defendant.

We see no error in the action of the court excluding the evidence offered by the defendant to show that the title to

the land claimed to be a street, and that adjacent thereto was in Mrs. Allen. The answer to the second count distinctly averred that Mr. Allen was the owner of this ground, and a party will not be permitted to contradict his pleadings. (Capital Bank vs. Armstrong, *post.*

There are several objections to the instruction which was refused by the court. It does not follow as a matter of law, that because the ground on which the work was done was embraced within the boundaries of the tract conveyed to Mrs. Allen by the deed of 1843, the ground fronting upon said work, was also embraced within said boundaries. Under proper circumstances that would be a question for the jury. But were it otherwise it is not a matter of law that no portion of said ground was conveyed to the defendant by the subsequent conveyance in evidence. The instruction was properly refused for the further reason, that there was no issue raised by the pleadings to which it was applicable.

It is not easy to determine, in the present state of the law, precisely what importance is to be attached to the ownership of the property charged, in a proceeding like this. No direct adjudication is required as to ownership, and if any were made it would most certainly be of no binding force upon those who were neither parties nor privies to the record ; and yet a personal defendant seems to be necessary, though under the law no judgment can be rendered against him. As to the verdicts complained of, we have no hesitation in holding them to be sufficient to support the judgment.

There were two counts, each containing a separate and distinct cause of action, and a single verdict would have been improper. In Moony vs. Kennett (19 Mo., 554) Judge Scott said : "A general finding for the defendant on a petition containing several causes of action may be sustained, but where the finding is for the plaintiff, every consideration of propriety requires that there should be a verdict in each cause of action, and these will all be blended in one judgment." (Clark vs. R. R., 36 Mo., 216 ; Pitts vs. Fugate, 41 Mo., 405 ; Collins vs. Dulle, 45 Mo., 269 : Bigelow vs. R. R., 48 Mo., 410 ; Owens vs. R R., 58 Mo., 394.)

The fact that the foreman signed each separate finding can make no difference. The verdicts are not strictly formal, but they are sufficient.

The judgment will be affirmed. All the judges concur except Judge Vories, who is absent.