76  279
36a  62
76  279
40a 586

TIERNEY, *Appellant*, v. SPIVA.

**Practice**: ADMITTING EVIDENCE OUT OF ORDER. A sound exercise of the discretion vested in the trial courts of determining whether or not evidence should be received out of time, requires that when it appears that failure to offer material evidence in proper time was the result of inadvertence and that it was not kept back by a trick or for any unfair purpose and that the other party will not be deceived or injuriously affected by it, it should be let in even after a demurrer to the evidence has been sustained. For refusal of the trial court so to do, this court will reverse.

*Appeal from Madison Circuit Court.*—HON. J. H. NICHOLSON, Judge.

REVERSED.

*Carter & Nalle* for appellant.

*Emerson, Cahoon, Fox & Douchouquette* for respondent.

HOUGH, J.—This was a suit to redeem certain land from a mortgage alleged to have been executed by the ancestor of the plaintiff, under which, as assignee thereof, it was averred that the defendant held possession of said premises. The defendant, in his answer, denied that he held possession of the premises described in the petition as assignee of the mortgage executed by plaintiff's ancestor, and averred that he entered into and held possession of the same as owner thereof under and by virtue of a warranty

deed from one Grigsby, and he also denied the title of the plaintiff. The mortgage mentioned was read in evidence and testimony introduced as to plaintiff's title and as to rents and profits, and plaintiff rested. At the close of the plaintiff's testimony, which failed to connect the defendant in any way with the mortgage set out in the petition, the court, at the request of the defendant, gave an instruction in the nature of a demurrer to the evidence, to which action of the court, the plaintiff at the time excepted. Thereupon the plaintiff asked to have the case re-opened, that he might introduce testimony showing that the defendant held possession of the land as assignee of the mortgage set out in the petition, which request was by the court denied, to which ruling of the court the plaintiff excepted, and he now brings the case here by appeal.

In several cases where the introduction of testimony out of its order has been discussed, this court has declared that "the law has intrusted courts with a discretion in allowing the parties to a cause to obviate the effects of inadvertence by the introduction of testimony out of its order. This discretion is to be exercised in furtherance of justice, and in a manner so as not to encourage the tampering with witnesses, to induce them to prop a cause whose weakness has been exposed. Where mere formal proof has been omitted, courts have allowed witnesses to be called, or documents to be produced, at any time before the jury retire, in order to supply it. So material testimony ought not to be rejected because offered after the evidence is closed on both sides, unless it has been kept back by trick, and the opposite party would be deceived or injuriously affected by it."

In *Rucker v. Eddings*, 7 Mo. 115, the judgment was reversed because the circuit court refused to hear testimony which the defendant discovered was necessary to maintain his defense, after hearing the testimony of a witness who was re-called, (pending the discussion of instructions before the court,) in order to ascertain what he had testified to

on a certain point. In most of the cases, in which this matter has been before this court, it has arisen on complaint made that the circuit court had erred in admitting testimony out of its order, and this court has in such cases uniformly declined to interfere, where no substantial injury had been done. *Brown v. Burrus,* 8 Mo. 26; *State v. Porter,* 26 Mo. 209; *Dozier v. Jerman,* 30 Mo. 220; *Seibert v. Allen,* 61 Mo. 482. In *Johnston v. Mason,* 27 Mo. 511, Scott, J., delivering the opinion of this court, said: "There was no error in permitting the plaintiff, after his case was closed and an instruction moved on it, to show the character of the notice he had given the indorsers." In *Harvey v. Brooke,* 36 Mo. 493, omitted testimony was offered and received under circumstances similar to those in *Johnston v. Mason, supra,* and this court upheld the action of the trial court.

In *Owen v. O'Reilly,* 20 Mo. 603, the plaintiff proved the services for which he sought to recover, but omitted to prove their value, and thereupon the court instructed the jury that the plaintiff could not recover. The plaintiff then offered to remedy his omission, by introducing testimony as to the value of his services, and the circuit court refused to permit him to do so. This court said: "It was not a proper exercise of judicial discretion to refuse the plaintiff in this case his motion for leave to introduce this testimony. It was clearly an omission, a mere oversight, and the court ought at once to have suffered him to correct it."

There is nothing in the record before us to indicate that the testimony offered by the plaintiff and rejected by the court, was kept back by trick or for any unfair purpose, or that it was purposely withheld for any purpose, or that the defendant would have been deceived or injuriously affected by its admission. It related to one of the material issues in the cause, on which no testimony had been introduced, and was, so far as we can judge, omitted through the inadvertence of counsel, and such omission was in all

probability first brought to their attention by the ruling of the court in sustaining the demurrer to the evidence. It can hardly be said that the discretion of the court has been exercised in furtherance of justice, when it compels a party under such circumstances to go out of court and begin his suit anew. Those rules for the orderly conduct of proceedings in courts of justice, which the law in its wisdom has placed somewhat in subjection to the discretion of the court must be enforced, or relaxed, by the court in furtherance of justice, and are not to be applied with such technical precision and unbending rigor as to produce injustice. We are of opinion that the discretion of the court was unsoundly exercised to the substantial injury of the plaintiff in refusing to hear the testimony offered by him, and we, therefore, reverse the judgment and remand the cause. The other judges concur.