VIRGINIA JEFFERSON, Respondent, v. WILLIAM UMMEL-
MANN, Appellant.

### St. Louis Court of Appeals, February 13, 1894.

1. **Unlawful Detainer:** BURDEN OF PROOF. In an action of unlaw-
ful detainer for premises held over by a tenant after the expiration of
his lease, the burden is upon the tenant to show an agreement for an
extension of his tenancy, if he claims that there was one.

2. **Practice Trial:** ORDER OF PROOF. The action of the trial court in
relation to the order of proof will not be reviewed, unless it is clear
that there has been an abuse of discretion on the part of that court.

*Appeal from the St. Louis County Circuit Court.*—HON.
RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Clopton & Trembley* for appellant.

*R. Lee Mudd* for respondent.

BOND, J.—This is an action for an unlawful
detainer of a farm in St Louis county, Missouri, which
plaintiff leased to the defendant on the twentieth day
of October, 1887, for the term of five years, ending on
the twentieth of October, 1892. It was averred in
plaintiff's complaint that defendant's tenancy ceased
on the expiration of said lease, and that thereafter he
willfully and unlawfully detained the possession from
plaintiff. There was a trial before the justice and an
appeal to the circuit court, where a judgment was ren-
dered in favor of plaintiff, from which the defendant
prosecutes his appeal to this court.

The evidence disclosed on the trial that the premises had been leased to the plaintiff, as stated in the complaint; that, after the expiration of said lease, respondent sent the following notice to appellant:

"*To William Ummelmann, Esq.*

"Sir:—Our negotiations for a new lease of the premises now occupied by you, and heretofore occupied under the lease from me, dated October twentieth, A. D., 1887, for a term of five years, ending on the twentieth day of October, 1892, having failed of any result, you are hereby notified in writing that I require you forthwith to remove and deliver to me possession of the following described premises, situated in the county of St. Louis and state of Missouri, to-wit: (Here follows description of land.)

"Said premises being the same occupied by you, and which were occupied by you under said lease from me from the twentieth day of October, 1887, to the twentieth day of October, 1892; and you are notified and required to remove from said premises and deliver possession thereof to me forthwith.

"Dated at St. Louis this thirty-first day of December, 1892.                    VIRGINIA JEFFERSON."

The evidence was conflicting as to the extent of the negotiations for a new lease between the parties referred to in the foregoing notice.

The evidence adduced by respondent tended to show that appellant had offered $250 a year and to do all repairs for a new lease, and that she had declined and refused such proposition, and had offered on her part to give appellant a new lease for $275 per annum, on the condition that he should make certain repairs; that, upon his failure to accept this proposition, she wrote him on the last of October or the first of November, 1892, telling him "to vacate or accept the terms."

Appellant, on the contrary, testified that about the

middle of September, 1892, he called to see respondent, and agreed with her for a new lease for $250 per year and the doing of certain repairs, but there was no agreement as to the length of time for which the new lease should be given; that, after the making of this agreement and after the expiration of his former lease, the attorney of respondent presented appellant with a draft of a lease of the premises at $275 per year, and providing for the termination of the tenancy on ninety days notice, and that he refused to sign this lease.

The only questions before us on this appeal are: *First.* As to the instructions given and refused by the court. *Second.* Appellant's objection to the evidence adduced by respondent in rebuttal.

We can not see the force of the objection to the instructions given for respondent, wherein the jury were told, in substance, that holding over after the expiration of the lease sued on, in the absence of any agreement of the parties that the lessee should continue in possession, afforded a presumption of unlawful detainer. The statute authorizes such an inference. Revised Statutes, 1889, sections 5089, 5102 and 6372.

All of the instructions given for defendant were expressly conditioned upon a finding by the jury, that there was no agreement between the parties for a continuance of possession after the expiration of the lease under which the tenancy was created.

They therefore covered the whole case made by this record, and presented both theories of the conflicting evidence as to the *nature* of the holding over by appellant after the end of his lease. Besides the defense set up in this case, that appellant was authorized by contract to continue possession beyond the term fixed in his lease, is matter of avoidance, and must be affirmatively shown to avail against the limit of tenancy

fixed by his lease.

There was, therefore, no error in the refusal by the court of the general instruction requested by appellant as to the burden of proof resting on respondent.

There was no reversible error in the refusal of the court to sustain the motion by appellant to strike out all the testimony of the rebutting witness. Much of this testimony was competent, in view of the evidence of appellant. A general motion to strike out the whole of the rebutting testimony was properly overruled. Moreover, the action of the trial court in relation to the order of the introduction of evidence will not be reviewed, unless it is clear that this discretion has been abused. *Seibert v. Allen*, 61 Mo. 482. Nothing of this sort appears in the present record.

The judgment herein is affirmed. All concur.