STEAMBOAT THAMES v. ERSKINE & GORE.

1. To entitle a party to the benefit of objections to any proceeding in the circuit court, it should appear upon the record that the same objections were made in that court.
2. It is not necessary that the certificate of a clerk of a court should state that the court was a court of record. The seal of the court annexed to the certificate, raises the presumption that it is a court of record, and it lies upon the party objecting to rebut that presumption.

Appeal from the Circuit Court of St. Louis county.

### King & Tunstall for Appellant.

1st. The court erred in suffering improper evidence to be given to the jury, on the part of the appellees.

2d. In overruling appellant's motion for a new trial for reasons filed. Mo. Digest, p. 220, sections 6 and 7; Mo. Digest, p. 220 & 221; McLean administrator of Brockman, v. Thorp, 4th vol. Mo. Decisions, p. 257; Mo. Digest, p. 221, sections 13 & 15; Mo. Digest, p. 221, sections 16 and 17.

### Polk for Appellee.

1st. That the court below committed no error in allowing the deposition of Josiah G. Sanborn, on the part of the plaintiffs, to be read in evidence to the jury.

2d. That the court below did right to overrule the motion for a new trial. Campbell & Maison v. Hood, 6 vol. Mo. Reps. p. 217; Code of 1835, p. 221, sec. 17.

### Opinion of the Court by Tompkins, Judge.

Greene Erskine and Stephen Gore brought their action against the Steamboat Thames; the judgment of that court being rendered in their favor, the defendant appeals to this court to reverse that judgment.

On the trial of the cause the plaintiffs offered in evidence a deposition to prove the delivery of a trunk at Pittsburg, in Pennsylvania, to the steamboat Thames, to be delivered

SEPT'R TERM.
1841.

Steamboat
Thames    v.
Erskine and
Gore.

to Erskine and Gore, the plaintiffs, at St. Louis in Missouri. This trunk and its contents are the object of the suit. The defendant objected to the reading of the deposition as evidence in the cause; the court overruled the objection, and the defendant took exceptions to this decision.

On the part of the plaintiffs it was testified, that shortly after the arrival of the Thames at St. Lous, the trunk was demanded at the boat by a clerk of the plaintiffs, whose peculiar duty it was to attend to such matters; this witness stated that he and the clerk of the steamboat Thames searched for it on other boats than the Thames, and that it could be no where found. This witness, on cross-examination, stated that he did not know when the steamboat landed at St. Louis, but that he first sent for the trunk, and on failure to get it, went for it himself: that all this was done soon after the bill of lading was found on the desk of the plaintiffs; and it being his particular duty to attend to such business, he did not think the bill of lading could have lain long on the desk before it was observed by him.

Another witness on the part of the plaintiffs, (the same stated by the first witness to have been sent for this trunk,) testified to the same facts as the first witness did.

On the part of the defendant, the deposition of the clerk of the steamboat was read in evidence. In this deposition the clerk states that the trunk was delivered on the bank of the river at St. Louis, in good order, and that he saw it lie there four hours: that as soon as the steamboat arrived at St. Louis, he delivered the bill of lading to one Martin, clerk of the house of Finney, Lee & co., to which the boat was consigned, in order that it might be delivered over to Erskine and Gore. On this testimony the jury having found a verdict for the plaintiffs, the defendant moved for a new trial, which being overruled, the defendant took exceptions to the decision of the court.

It is assigned for error that the court erred,

1st. In permitting improper evidence to be given to the jury on behalf of the appellees.

2d. In overruling the appellant's motion for a new trial.

The objections to reading the deposition, as set out in the

counsel's brief written and handed to the court after the argument of the cause, are,

1st. That notice to take this deposition was not served on the attorney of record, as required by 6th and 7th sections of the act concerning depositions.

2d. Because the commission issued to take this deposition is not in pursuance of the law; and the case of McLean, administrator of Brockman, v. Thorp, 4th vol. of Missouri Decisions, is referred to in support of the reason.

3d. Because the deposition is not properly certified by the officer taking it, and authenticated by a clerk of a court of record.

The 31st section of the act to regulate the practice in the supreme court, in appeals and writs of error in civil cases, provides, that no exception shall be taken in an appeal or writ of error to any proceedings in the circuit court, except such as have been expressly decided by such court. The object of this provision is so evident that it can hardly be necessary to say that the legislature intended by it that a party taking the exceptions shall not take his opponent by surprise. In order to carry into effect the provisions of the 31st section of the act, the counsel of the defendant should perhaps have been required in the circuit court to assign in his bill of exceptions his reasons for objecting to the reading this deposition in evidence. Several points might have been made in this objection : three indeed are made as above noted. The rules of this court require that counsel shall present before the argument of each case a brief containing a statement of the facts of the cause and the points relied on, &c. This rule was dispensed with in this cause for the convenience of the counsel of the defendant in the circuit court, appellant here; and in the argument of the cause in this court, the only reason urged why the deposition should not be read, was that it did not appear from the certificate of the clerk that he was the clerk of a court of record, as required by the 16th and 17th sections of the act concerning depositions.

As to the first objection, to reading the deposition, although in my opinion it is improperly urged here, it may be

*Margin notes:*

SEPT'R TERM, 1841.

Steamboat Thames v. Erskine and Gore.

To entitle a party to the benefit of objections to any proceedings in the circuit court, it should appear upon the record that the same objections were made in that court.

SEPT'R TERM, observed that the sheriff's return is, that the notice was
1841.     served by the sheriff in St. Louis county, on the 19th day
Steamboat  of July, 1839, by putting up a copy thereof in the office of
Thames v.  the clerk of the circuit court, neither the steam boat
Erskino and
Gore.      Thames nor any attorney of record being found. The pleas
of the defendant first filed, and now regularly before this
court, show the defendants counsel for the first time in the
circuit court on the 10th day of December 1839, nearly five
months after the serving of the notice to take depositions.

2d objection. To this it may be answered that the coun-
sel for the appellant is mistaken in the law. The case of
McLean adm'r of Brockman v. Thorp, decided in 1836,
does not aid him. The opinion then delivered refers to the
323d page of the digest of 1825, where the law under which
that decision was made, is found, and in the opinion the law
is recited literally. It is not unreasonable to suppose that
the deposition in that case was taken several years previous
to the decision in the supreme court above cited; for in
1833 we find the same case remanded to the circuit court.
The dedimus in this cause pursues the law of 1835, the law
in force when it was issued.

3d objection. This goes to the sufficiency of the certifi-
cate. Ought it to appear from the certificate of the clerk
that he was the clerk of a court of record? It is certain
It is not ne- that this certificate is evidence of nothing except what the
cessary that
the certifi- statute makes it evidence of; therefore if the clerk had cer-
cateof a clerk tified that he was the clerk of a court of record, such certi-
of a court
should state ficate would not have been evidence of the truth of the fact.
that the court
was a court of And if the seal of the court, and the act of the clerk be not
record. The evidence that he is the clerk of a court of record, then we
seal of the
court annex- are unable to prove that this clerk is the clerk of a court of
ed to the cer- record, but by either producing in court a copy of the law
tificate,raises
the presump- declaring it so, attested by the seal of the state govern-
tion that it is ment, or the statute book of the state printed under its au-
a court of re-
cord, and it thority. By the 16th section of the act concerning depo-
lies upon the
party object- sitions, it was provided that the official character of any
ing to rebut judicial officer taking depositions without this State, might
that presump-
tion.       be proved by a certificate of such official character, attested
by the seal of state of the government in which the deposi-

tions were taken. If, then, the certificate of a clerk and his seal annexed, does not prove him to be the clerk of a court of record, the legislature have passed the 17th section of the act, giving effect to such certificates of courts of record, to very little purpose. Bacon, at title, courts, letter D, 2, observes, that every court by having power given it to fine and imprison, is thereby made a court of record. Our act to establish courts of record, declares that each of those courts shall procure and keep a seal, &c. The courts not of record are not required to have seals. For the convenience of society, it has become so necessary to give to the copies of the records of a court the same authenticity which the record itself has, that I believe a seal is, in these states, regarded as a necessary incident of a court of record; and also, that every court having a seal and clerk, is regarded as a court of record. Such seems to be the understanding of our own legislatures. It is not to the highest officer of the sister state or to his secretary, that credit is given, but to the seal which is in the custody of such officer, and of which he is the keeper; it is not to the clerk of a court of record, (for if the credit were given to him his signature would suffice,) but it is to the seal of the court affixed by such clerk. that credit is given. To counterfeit a seal of a court is a work of more difficulty than to counterfeit the handwriting of the keeper of that seal. I am of opinion that when a court has a seal and a clerk, the presumption of its being a court of record is so strong, that the party who would rebut that presumption in this State, ought to produce the law of the State where the court exists, to show that such court is not a court of record.

I will notice another objection urged by the appellant in his brief, not mentioned, I believe, in his argument in court, and in my opinion not covered by his exception to the deposition. It is that it does not appear that the witness was sworn or affirmed to testify the whole truth, &c. In this the appellant's counsel is mistaken; the language of the certificate of the officer is this, the witness " was by me affirmed to testify the whole truth," &c.

But lastly, the counsel of the appellant thinks that the

SEP'R TERM,
1841.

Steamboat
Thames    v.
Erskine  and
Gore.

evidence of his client *greatly preponderated* in his behalf. The evidence that would induce the circuit court to grant a new trial, ought to appear to that court much more weighty than that on which the verdict was found; for great deference is due to the judgment of the legitimate triers of matters of fact. And if much deference is due from the circuit court to the jury whose peculiar province it is to weigh the credit of witnesses, still much more is due from this court to the united judgment of the circuit court and of the jury. The weight of the evidence appears to me to be so nicely balanced, or rather to be so far from inclining in favor of the appellant, that the circuit court might, with propriety, have refused him a new trial on a much stronger state of facts. The clerk of the steamboat Thames, in his deposition taken by the appellant, states that he delivered the boat's bill of lading as soon as it had arrived, to Thomas G. Martin, clerk of the house of Finney, Lee & co., agents for the said boat, in order that he might advise the plaintiffs of the arrival of the said trunk, and collect the freight and charges on the same. Now this same Thomas G. Martin had been examined before the reading of this deposition of the clerk; and he had been also cross-examined, by the counsel of the appellant; and he neglected to ask this witness at what time of the day *he delivered this* bill of lading to Erskine and Gore. Had that time been proved, it might have afforded the jury better means of determining whether Erskine & Gore, or the steamboat, had been negligent. We are then left to conclude, that the appellant did not believe he could gain any thing by a more particular examination of the said Thomas G. Martin. In my opinion the circuit court committed error neither in permitting the deposition offered by the appellees, to be read in evidence, nor in refusing a new trial, and its judgment ought then to be affirmed, and it is so.