### RANDOLPH *vs.* ALSEY, (A COLORED PERSON.)

A party who complains of erroneous instructions must take his exceptions at the time the instructions are given. Exceptions to the opinion of the court must be taken in the progress of the trial, and not after the trial.

### ERROR to St. Louis Circuit Court.

SPALDING *and* TIFFANY, *for Plaintiff in Error.*

1. The first instruction is broad; because, holding a slave to service at the salt works, near Shawneetown, did not, of course, set him free.—See Constitution of Illinois, article 6, sec. 2.

2. The second instruction is objectionable, for the same reason as the first, and is not made applicable to the facts of the case, which show that Alsey was held in the salt tract, and before 1825, and this instruction precludes the jury from inquiring whether she was so held there, as to be protected by the second section of the sixth article of the constitution.

3. The instructions are both wrong, in assuming that Cross' assent to Alsey's being held a slave in the salt reservation, of course, worked her freedom; and also, in substantially declaring to the jury, that there was no evidence that Alsey's residence there was such as was authorized by the above quoted section of the constitution of Illinois.

MURDOCK, *for Defendant in Error.*

TOMPKINS, J., *delivered the opinion of the Court.*

Alsey brought her suit for freedom, in the Circuit Court of St. Louis county, on the ground of residence in the State of Illinois. The defendant, Randolph, pleaded "Not guilty." The Circuit Court gave judgment for the plaintiff. The defendant filed a motion for a new trial, for the following reasons, the first four of which may be resolved into this one: That the verdict is against the law and evidence; 5th, That the Circuit Court gave wrong instructions to the jury.

To this last reason, it is sufficient to say, that the defendant did not except to the instructions when they were given, and now comes with a bad grace to ask

a new trial, for the reason that the Court gave instructions, to which, at the time they were given, he did not think proper to object. As to the objection, that the evidence is against the finding of the jury, this Court is not accustomed to weigh the evidence nicely, when it has been left to a jury on instructions that have not been excepted to. It is no exception to instructions, to move for a new trial, where the instructions are then first said to be wrong. Exceptions to the opinion of the court must be taken in the progress of the trial, not after the trial.—20th section of 4th article of the act to regulate practice at law, p. 464 of the Digest of 1835. See, also, Consaul et al. *vs.* Liddell, 7 Mo. Rep., 253.

For anything appearing in this record, the motion for a new trial, even, might not have been made within some days after the day of trial. The evidence, however, has been examined; and if this Court were even disposed to invade the province of the jury, no reason is seen why it should be done.

The judgment of the Circuit Court is, then, affirmed.