KENNEDY & JACKSON, Appellants, *vs.* DANIELS, Respondents.

1. Where a defendant in ejectment relies in his answer upon a legal title, he cannot at the trial avail himself of a merely equitable defence.

*Appeal from Cape Girardeau Circuit Court.*

The case is sufficiently stated in the opinion of the court. It was argued by Mr. N. Holmes for appellants, and Mr. Noell, for respondents.

GAMBLE, Judge, delivered the opinion of the court.

Ejectment for the recovery of land in Cape Girardeau county. The defendants answer that the plaintiffs are not the owners of the land, but that they, the defendants, are the owners thereof, claiming it under a deed from Micajah Daniels, older than the deed from said Micajah to plaintiffs.

The court, at the trial, decided upon inspection, that the instrument produced by the defendants as a conveyance from Micajah Daniels was not a deed ; but further decided, that the instrument might be treated as a contract in equity for the land, and that the defendants might avail themselves of any equitable defence. The evidence was accordingly introduced, and under instructions from the court, a verdict was rendered and judgment was given for the defendants. The instrument relied on by defendants was, in the language of the present conveyance, from Micajah Daniels to them for the consideration " of one dollar, and for the affection and fatherly feeling I have for them."

1. We will confine the present decision to the point that the defendants, having set up in their answer, as their defence, the fact that they were the owners of the land by a deed from Micajah Daniels older than the deed from him to the plaintiffs, were not to be permitted to go into a totally different defence. If they have any equitable title available against that of the plain-

tiffs, they must set it up in their answer. The loose practice introduced into our courts, under the present code, is clearly exemplified in this case. Both parties claim under deeds from Micajah Daniels, according to their pleadings; the court decides that there is no deed to defendants, but that they may make an equitable defence; such defence as they have is introduced, and a verdict is found in their favor. If this verdict is to be regarded as a response to the issue made by the pleadings, it finds that the defendants are the owners of the land under a deed from Micajah Daniels, older than his deed to the plaintiffs, which is against the decision of the court. This is only one specimen of the incongruities which are presented to this court upon the records, as they come to us under the present system of practice.

The judgment is, with the concurrence of the other judges, reversed, and the cause remanded.