DEVLIN, Respondent, v. CLARK *et al.*, Appellants.

1. The party in possession of a negotiable instrument, which is shown to have been lost or stolen from the true owner, must show what consideration he gave for it, and that he took it in good faith in the ordinary course of business.
2. Exceptions to the giving or refusing of instructions should be taken at the time they are given or refused; it is too late to take them on a motion for a new trial.

### Appeal from St. Louis Circuit Court.

This was an action to recover damages for the negligent loss of a draft or bill of exchange drawn in favor of plaintiff by the banking-house of S. E. Rogers at Omaha city, Nebraska territory, on the defendants at St. Louis. The draft was presented to the defendants and protested for nonpayment. It was left with the defendants by an agent of plaintiff after protest under a promise that it would be paid by defendants if funds of the drawer should come into their hands. The draft appears afterwards to have been paid by the drawers; to whom did not appear. There was evidence touching the disappearance of the draft from the possession of defendants, some of the testimony adduced tending to show that it had been delivered to the agent of the plaintiff. Other testimony adduced tended to disprove this. The cause was tried by the court without a jury, the declaration of law, set forth below in the opinion of the court, being given by the court. The court found for the plaintiff. No exceptions were taken at the time to the giving or refusing of declarations of law.

*Knox & Kellogg*, for appellants.

I. The bill was delivered to Carson by defendants. There was no evidence that the plaintiff ever endorsed the bill. Without such endorsement no person was authorized to receive the money; and plaintiff could not be injured. There was no legal evidence that the drawer ever paid it, unless he paid it to plaintiff. It was past due when lost; the drawer

paid it at his peril. The court erred in declaring the law and the measure of damages. The instructions refused should have been given.

*Krum & Harding*, for respondent.

I. The draft was lost. The payment of the draft by the drawers after protest to some person who appeared to them to be the lawful holder was sufficiently proved. By such payment the respondent lost all claim upon the drawers for reimbursement. As this loss would not have been made but for defendant's loss, they are liable for the damage sustained. The measure of damages was properly laid down.

SCOTT, Judge, delivered the opinion of the court.

The court in this case gave the following instruction : "If the defendants, as bankers, retained the possession of the bill in question, after its presentation and protest, in order that they might pay it if funds of the drawer should come into their hands, and if, while in their possession, the bill was lost by the carelessness or negligence of defendants or their agents, and defendants failed to make any effort to stop the payment thereof, and also failed to notify the plaintiff or his agents, or to make any effort to notify him or them, until after the bill had been presented to the drawer and paid to some other person, then the plaintiff is entitled to recover, and the measure of damages is the amount of the face of the bill with six per cent. interest thereon from the commencement of the suit."

"The party in possession of a negotiable instrument is *prima facie* the owner of it, but as soon as it is shown to have been lost or stolen from the true owner, the presumption is changed, and he must then show, not only what consideration he gave for it, but also that he took the paper in good faith in the ordinary course of business ; after that, the party resisting payment may undoubtedly reply impeaching the good faith of the transaction, which he may do by either direct or circumstantial evidence that the plaintiff acted in

bad faith in taking the bill." (Edwards on Bills, 310.) Under this view of the law, we are of the opinion that the instruction should have called the attention of the jury to the inquiry whether the drawer of the bill did not take it up in bad faith. As the bill was dishonored, it was the drawer's duty to pay it. But as it was lost, the *onus* was on the plaintiff in this action to show that the drawer acted in good faith in taking it up. In this matter we see no difference between the drawer, who has paid a lost bill, and any other holder.

We have thought it proper to say this much in regard to the instruction, lest it might be thought we deemed it correct; but as it was not excepted to, the judgment can not be reversed on account of it. Moving for a new trial on the ground of erronous instructions is not sufficient under our practice, which has always required exceptions to instructions to be taken when they are given.

As to the objection that the bill was not endorsed, that was a fact in the case, and as it has been found by the court, we can not interfere.

The fact that the bill was paid by the drawer was evidence that it was worth the sum for which it was drawn.

Affirmed. The other judges concur.