WILLIAM L. EWING et al., Respondents, v. ROBERT A. REILLY et al., Appellants.

*Action—Indemnity.*—In an action upon a covenant to indemnify and save harmless from liabilities, the plaintiff can only recover such damages as he shows he has actually sustained.

## Appeal from St. Louis Circuit Court.

Plaintiffs brought their suit as partners, alleging that on the 15th of May, 1854, they sold to defendant Reilly three-sixteenths of the steamer Michigan, and that Reilly agreed to indemnify them against the debts and liabilities of the boat, and that said Lockwood and the other defendants on that day entered into the following agreement with plaintiffs:

" Whereas, W. L. Ewing & Co., of the city of St. Louis, have this day sold to the undersigned R. A. Reilly the undivided three-sixteenths parts of the steamer Michigan, as she now lies at the port of St. Louis, and the said Reilly, in consideration thereof, has agreed to indemnify and save harmless the said W. L. Ewing & Co. of and from all debts and liabilities of said steamer:

" Now, the said R. A. Reilly and the undersigned, in consideration thereof, do hereby covenant and agree to and with the said W. L. Ewing & Co., that we will at all times hereafter and at all places wholly indemnify and save and keep harmless the said W. L. Ewing & Co. of and from all liabil-

ity or loss on account of any contract entered into on behalf of said steamer heretofore, or on account of any liabilities for said steamboat, or on account of any debt of said steamboat, or on account of any promissory note or notes given by said W. L. Ewing & Co. for premiums of insurance on their interest in said steamboat, or on account of every other matter or thing whereby they might in consequence of their ownership of said interest in said steamboat be made liable.

" Witness our hands and seals this 15th day of May, 1854."

Wm. Noble sued W. L. Ewing, Solon Humphreys, and Henry Corwith, for upholstery, &c., used in equipping the steamer Michigan, and judgment was recovered in said suit against said Ewing for one thousand one hundred and thirty-four dollars and sixteen cents and costs, which plaintiffs paid. The account of said Noble was a liability of the said steamer existing before the date of the agreement.

Reilly did not answer; the other defendants answered, that Noble's debt was contracted in the original fitting out of said boat when new, and that the boat was built and owned by W. L. Ewing, S. Humphreys, and Henry Corwith; that Noble's demand had, before the execution of their bond, ceased to be any lien upon the boat, if it was ever any; that it was a debt due by said Ewing, Humphreys, and Corwith, in the building of the boat as its owners, and not any liability such as defendants agreed to indemnify the plaintiffs against; that before the date of the bond Corwith and Humphreys had put into the hands of plaintiff funds for the payment of the portion of the debt of Noble, which they hold.

At the trial the plaintiffs proved the payment by them of the judgment in favor of Noble against Ewing, and gave evidence tending to prove that when Noble's suit was brought, Lockwood told Ewing to defend it; that he did not think Ewing was obliged to pay it. The claim of Noble was for upholstery in furnishing and finishing her when she first came out.

They also gave evidence showing that W. L. Ewing & Co. had paid various sums of money in the building of the boat;

that they originally were interested in and part owners of said boat from the commencement with Corwith and Humphreys—Corwith owning five-eighths, and Humphreys three-sixteenths, and W. L. Ewing & Co. three-sixteenths; that in May, 1854, Corwith had a conversation with Ewing, in which Ewing was to draw on Corwith for four thousand five hundred dollars, which would, with the other portions of Ewing and Humphreys, pay all the debts of the boat, except McAlister & Co.'s, of about three thousand dollars, which was to be paid out of the earnings of the boat—which draft Corwith paid; that the claim of Noble was included in the estimate.

At the close of plaintiff's case the defendants asked the court to instruct that the plaintiffs could not recover, which the court refused, and to which defendants excepted.

The defendants gave evidence tending to prove the state of the accounts between the parties, Corwith, Humphreys, and the defendants.

The defendants, Lockwood, Pearson, and Voorhis, offered the defendant Reilly as a witness for them, he not having answered, who proved the contracting of the debt with Noble in the original finishing and furnishing the boat, and defendants asked him how the debt was settled. Plaintiffs objected, and the court rejected his testimony on that head.

The defendants asked two instructions, which were refused, the defendants not excepting. The motion did not assign excessive damages as a reason for granting a new trial.

*John R. Shepley*, for appellants.

I. The defendants are not, by the terms of their bond, liable to pay any debts of the plaintiffs contracted in the building of said boat.

The contract must be construed in reference to the subject matter. Under no clause of the bond can it be contended that such a liability is imposed, except the following: " on account of any liabilities for said steamboat," or " on account of any matter or thing whereby they might in consequence of their ownership of said interest in said steamboat be made

liable," there could be no claims for building the boat that were liens upon her; for, in the first place, liens had all expired if there were any; and, secondly, neither by maritime law nor by our boat law could they ever have been enforced as liens against the boat.

II. If liable at all, the defendants are only liable under their obligation to pay the proportion of the debt that W. L. Ewing & Co. were bound to pay. It is the ultimate liability that the securities contracted to make good, not the immediate. Corwith and Humphreys are perfectly good, and able to pay their proportions.

III. If plaintiff had received from Corwith an amount sufficient to pay his proportion of all the debts, including this one of Noble's, then the plaintiffs cannot recover more than three-eighths of the amount received from them by Noble.

*Drake & Wood*, for respondents.

I. No exceptions having been preserved to the refusal of the court to give the instructions asked by the defendants—if it shall be considered that the record shows them to have been refused—this court will not consider any alleged error in connection with such refusal. (Shelton v. Ford, 7 Mo. 209; Vaulx v. Campbell, 8 Mo. 224.)

II. The court did right in excluding the examination of the defendant Reilly. The facts in relation to which it was sought to examine him went to make a defence for himself as well as for his co-defendants, and for the purpose of sustaining any such defence he was clearly an incompetent witness. (Laws of Missouri, 1857, p. 181.)

BATES, Judge, delivered the opinion of the court.

The covenant, which is the foundation of the suit, was for indemnity, and not a covenant for payment of the debts of the boat.

The court below erred in giving judgment for the whole amount of the debt paid by Ewing & Co., who were not entitled to recover more than three-sixteenths of it until they

had shown that they could not compel the other part-owners to contribute their proportions of it because of their insolvency, or for some other good reason.

The judgment is, therefore, reversed and cause remanded. The other judges concur.

In this case a motion for a re-hearing was filed by *C. D. Drake* for respondents, and overruled by the court. The points urged in the motion were as follows:

1. That the decision of the court disregarded § 33 of Art. xiv. of the Practice Act, which provides that "no exception shall be taken in an appeal, or writ of error, to any proceeding in the Circuit Court, except such as shall have been expressly decided by such court." The point made in the decision of the Supreme Court was not made in the court below.

2. No exceptions were preserved in the record, and the Supreme Court has repeatedly held that in such case it will not reverse the judgment of the court below. (Shelton v. Ford, 7 Mo. 209; Steamboat Thames v. Erskine, 7 Mo. 213; Cornelius v. Grant, 8 Mo. 59; Long v. Story, 13 Mo. 4; Thompson v. Russell, 30 Mo. 216; Boyce v. Crickard, 31 Mo. 530.)

3. It has also been always held that exceptions to the giving or refusing of instructions must be taken *at the time* they are given or refused; and that to take such exceptions in a motion for a new trial is too late. (Bompart v. Rodgers, 8 Mo. 234; Randolph v. Alsey, 8 Mo. 656; Mattingly v. Moranville, 11 Mo. 604; Powers v. Allen, 14 Mo. 367; Bradley v. Creath, 27 Mo. 415; Dozier v. Jerman, 30 Mo. 216; Devlin v. Clark, 31 Mo. 22.) The record shows no exceptions taken to the giving or refusing of instructions at the close of the evidence, nor does it appear whether the instructions were given or refused, except by the writing of the word "refused" on the margin opposite each instruction.

4. The only exception in the progress of the trial was to the refusal of the court, at the close of the plaintiffs' case, to declare the law to be that upon the case as made the plaintiffs could not recover against the defendants, Lockwood and others, who were the securities of Reilly in the bond. This being, in effect, merely a demurrer to the evidence, the overruling of it is no ground for a new trial, when the defendants afterward introduced evidence. (Colegrove v. N. Y. & Harlem R. R. Co., 6 Duer, 382, 411, 412.)

5. But should the court decide against this view, the overruling of that instruction was not error, because the instruction went the length of declaring that there could be *no* recovery against those parties, when this court holds that three-sixteenths of the amount paid by Wm. L. Ewing & Co. might be recovered against them in this action.

6. There being, therefore, no exceptions properly taken, the Supreme Court has decided the case upon the evidence alone, in the face of numerous

decisions against such action on its part; the latest of which was in Thompson v. Russell, 30 Mo. 498.

7. The point upon which the Supreme Court decides the case was not set up in the answer; and it has been repeatedly held that the defendant cannot introduce evidence in support of a defence which his answer does not set up. (Kennedy v. Daniels, 20 Mo. 104; Winston v. Taylor, 28 Mo. 82; Cowden v. Cairns, 28 Mo. 471.)

8. The bond sued on was for indemnity against *liability*, not against *damage;* and to show the former, was enough to entitle the plaintiffs to recover. (Sedgwick on Damages, 313; Rockefeller v. Donnelly, 8 Cowan, 623; Chace v. Hinman, 8 Wend. 452; Gilbert v. Wiman, 1 N. Y. 550; McGee v. Roen, 4 Abbott Pract. R. 8; Gennings v. Norton, 35 Me. 308; Fish v. Dana, 10 Mass. 46; Ramsay v. Gervais, 2 Bay, 145; Bellune v. Wallace, 2 Rich. 80; Pope v. Hays, 19 Texas, 375; Stroh v. Kimmell, 8 Watts, 157; Carman v. Noble, 9 Penn. State, 366; Leber v. Kauffelt, 5 Watts & Sergt. 440.)