JOHN HOLLIMAN, Appellant, *v.* J. C. CABANNE, Respondent.

1. *Evidence — Witnesses — Opinions — Rebuttal.*— Witnesses should not give their opinions upon the truth of a statement by another witness, though they may do the same thing in effect by denying the fact stated.

*Appeal from St. Louis Circuit Court.*

The facts appear in the opinion of the court.

*Lackland & Martin,* for appellant.

The court admitted illegal and improper testimony of the respondent. He is asked this question : " Then was Mr. Black's

statement true or not?" (Black had before testified on the part of the appellant.) This question was objected to, but the objection was overruled, and the witness was allowed to state that Black's statement was not true. The court or jury are to be the judges of the truthfulness of a witness's statement, and not an opposing witness.

*Slayback & Spencer*, for respondent.

BLISS, Judge, delivered the opinion of the court.

Plaintiff sues for loss of a horse, and charges that, as keeper of a livery stable, he loaned defendant for hire a horse and cutter, and that, by the carelessness and negligence of defendant, the horse ran away, was wounded, and died of the wounds, and the cutter was damaged. Defendant denies that the running away was caused by his negligence, and for second defense alleges that it was caused by the negligent harnessing by plaintiff's servants. The jury found for the defendant. The court gave all the instructions asked upon both sides, which were substantially alike. The plaintiff, in his brief, objects to some of the instructions given at the instance of the defendant, but it does not appear from the record that he excepted when they were given; hence, we cannot consider them even if they were erroneous. (Thomas v. Erskine, 7 Mo. 213; Boyce v. Prickard, 31 Mo. 530, and other cases.) The plaintiff did except to one question propounded to the defendant as a witness. One of the plaintiff's witnesses had testified that defendant called at the stable the day after the accident, and got another horse and sleigh, and said "he did not think he ought to pay for the horse"— *i. e.*, the one hurt. The next question is: "Did you see him after that?" Answer. "Yes, sir; he came to hire a carriage, and we talked about his paying for the horse. He said, 'Well, I have got two or three horses down at Harrington's; he can have one of them.'" When the defendant testified, he denied making this statement, and was asked, "Then was Mr. Black's statement true or untrue?" Answer. "It was true." This question was excepted to, though the ground of objection was not given.

The matter was of no importance whatever, and had nothing to do with the issue. The petition was not based upon a promise to deliver another horse, and it did not matter whether Black's statement were true or untrue; but even if that promise were in issue, the question was simply informal, and its answer could not have materially affected the case. Witnesses should not give their opinions upon the truth of a statement by another witness, though they may do the same thing in effect by denying the fact stated.

Judgment affirmed. The other judges concur.