John Weller,

*vs.*

Henry Eames, impleaded, &c.

To entitle him to recover upon an agreement to indemnify him against any legal liability which he *may have incurred* by reason of certain acts, it is necessary for the indemnitee to prove actual damage.

This action was brought in the court of common pleas, Ramsey county. The defendant Eames only appeared and answered. The cause was tried, and resulted in a verdict for the plaintiff.

It appears (from the paper book) that on the 20th of November, 1867, the plaintiff, who was master of the steamboat "Ben. Campbell," had in his possession a quantity of apples belonging to one Bowers, (the other defendant) which he had received from the steamboat "Centralia," to deliver to Bowers, upon his paying to plaintiff for said "Centralia" certain back charges, which were a lien upon the apples. A dispute arose respecting these back charges, and to induce the plaintiff to deliver the apples without their pre-payment, the defendants Bowers and Eames executed to plaintiff a bond, conditioned "to indemnify said Weller (plaintiff) against any legal liability which he may have incurred to said steamboat 'Centralia' by reason of having delivered said apples without collecting said back charges. Whereupon the plaintiff delivered the apples to Bowers without payment of said back charges. The owners of the "Centralia" sued plaintiff, and one John Deering,

the owner of the "Ben. Campbell," for so delivering the apples, of which suit plaintiff gave defendants due notice, and judgment was rendered therein against the plaintiff and said Deering. There was no evidence that the plaintiff had ever paid or satisfied any part of said judgment.

This action is brought upon the bond executed by the defendants Eames and Bowers.

The defendant introduced no testimony, but after the close of the plaintiff's testimony, requested the court to charge the jury that the plaintiff had proved no damage, and that they must find for the defendant; also that the instrument sued upon was given for the purpose of indemnifying Weller (the plaintiff), who does not show himself in a position to recover by proving a judgment against himself and another person. The court refused so to charge, and the defendant duly excepted. Upon the rendition of the verdict, defendant moved for a new trial, which was granted, and the plaintiff appeals to this court.

ALLIS, GILFILLAN & WILLIAMS, for Appellant.

I.—Contracts of indemnity (using the term in its general sense) are, in respect to the time when suits can be brought on them of two classes.

*First.* Those which, by their terms, are to indemnify, or save harmless from damage, costs, charge, or loss.

*Second.*—Those in which the indemnitor binds himself to do some particular act or thing, or to 'acquit or discharge the indemnitee from some obligation or liability to a third person, or to indemnify him against liability to, or the claim of a third person.

In the first, no action will lie till the indemnitee has been compelled to pay and has paid.

In the second, an action will lie whenever the indemnitor has failed to do the particular act or thing, or to acquit or discharge the obligation or liability, or whenever the liability or claim indemnified against is incurred by, or made against the indemnitee. *Harris vs. Pett*, 5 *Modern Rep.* 243; *Holmes vs. Rhodes*, 1 *Boss. & Pull.*, 638; *Challoner vs. Walker*, 1 *Burrows*, 574; *Cutler vs. Southern*, (*Note* 1) 1 *Saunders*, 113; *Warwick vs. Richardson*, 10 *Mees & Wels.*, 284; *Stroh vs. Kimmel*, 8 *Watts*, 157; *Chase vs. Hinman*, 8 *Wend.*, 452; *Rockfeller vs. Donnelly*, 8 *Cow.*, 639; *Webb. vs. Pond*, 19 *Wend.*, 423; *Jackson vs. Port*, 17 *Johns*, 479; *Gilbert vs. Wiman*, 1 *Coms.*, 550.

II.—The distinction is made upon the contract as it is expressed by the parties, and not upon the ultimate purpose which they have in view. For in all such contracts, however expressed, the ultimate purpose is the same, to wit: to save the indemnitee from loss. As when the contract as expressed by the parties, is to pay a debt or discharge a liability of the indemnitee, it comes within the second class, and under the rule applicable to cases of that class, although the ultimate purpose is, as in a case of the first class, to save the indemnitee from loss. The difference consists in the means which the parties agree upon to effect such purpose. In the first class the indemnitor specifically agrees to indemnify and save from loss or damage and he is not in default till such loss or damage is sustained. In the second he is in default as soon as he fails to do the particular act or thing or to discharge or relieve the indemnitee from the specified liability or claim.

III.—The court below has fallen into error, by classifying the contract according to the ultimate purpose the parties had in view (to wit, to prevent loss to plaintiff through his being obliged to pay the back charges) instead of according

to the express stipulations as to the mode in which that end should be accomplished. They agreed specifically that defendant should save plaintiff from *legal liability*, which is equivalent to a stipulation that they would prevent it accruing against him, or if it had already accrued, that they would acquit or discharge him from it. The contract is explicit and unambiguous. There is no need to interpret the contract to find what they meant, for they express what they mean in terms which can be understood only in one way.

C. K. DAVIS for Respondent.

I.—The court erred in refusing to charge:

"That the plaintiff had proved no damage, and that they "(the jury) must find for the defendant."

The instrument on which this suit was brought reads: "This bond is given to indemnify said Weller against any "legal liability which he may have incurred to said steam- "boat Centralia, by reason of having delivered said apples "without collecting said back charges."

This is the same as it would be to say that Eames will indemnify when such liability shall have worked damage to Weller.

Until such liability is enforced, its mere existence is *injuria absque damno.*

Webster defines this word:

"*Indemnify* (*in* and *damnify*; L, *damnificus*, *damnum*, loss.)

1. To save harmless; to secure against loss, damage or penalty.

2. To make good; to reimburse one what he has lost. We *indemnify* a man by giving sufficient security to make

good a future loss, or by actual reimbursement of loss after it has occurred."

It follows from this definition that (in the ordinary signification of the term) [to indemnify against legal liability, means to save harmless from loss occasioned by legal liability.

If Eames had promised to pay Weller the amount of this legal liability, there would be little difficulty in the question. But he simply promises to indemnify, and yet, by the refusal of the court to give this charge, this contract is construed as if it were an unconditional promise to pay the amount of Weller's legal liability.

Eames promises to indemnify against legal liability. But liability simply incurred and unsatisfied does not work damage. Until damage has accrued, no plaintiff can recover a money judgment.

This liability may be enforced against Weller, and to the precise extent which it is enforced, Weller can charge Eames, but he cannot charge him further. It may never be enforced, or if enforced at all, not for its entire amount. Weller may never pay it and have no property out of which this judgment can be made. The judgment may be collected out of Deering's property, and when it is so collected Deering has no right against Weller except to call for contribution. This instrument of indemnity does not run to Deering. He has no right under it in the law. And yet he is benefitted by this judgment to the extent of the moiety of his liability under the judgment rendered against him and Weller jointly in the Iowa court. *Churchill vs. Hayes & Hunt*, 3 *Denio* 321 ; *Douglas vs. Clark*, 14 *Johns.* 178.

The principles and distinctions in these decisions, are based upon the note of Serjeant Williams to *Cutter vs. Southern*, 1 *Saunders Rep.*, *p.* 116, *margin*. He says in the

note, "in all cases of condition to *indemnify* and *save harm-* "*less*, the proper plea is *non damnificatus*, and if there be "any damage the plaintiff must reply it." "This plea "however cannot be entertained when the condition is to "*discharge* or *acquit* from such a bond, for then defendant "must set forth affirmatively the special manner of perform-"ance."

Did Eames promise to *discharge* or *acquit* Weller from his liability? Not at all. He simply promises to *indemnify* —using a word the legal meaning of which has been settled for at least two hundred years.

II.—The court also erred in refusing to charge the jury "that the instrument sued was given for the purpose of indemnifying Weller, who does not show himself entitled to recover by proving a judgment against him and another person."

This point was touched incidentally under the first point. Suppose this verdict is exacted of Eames. He is thus made to indemnify not only Weller but another person who is not known in the transaction. Weller takes the amount paid by Eames, with it pays the judgment in Iowa against himself and Deering, and then turns around to collect Deering's share by way of contribution—thus realizing a handsome profit out of his indemnity operation.

It does not appear but what if this action in Iowa had been brought against Weller alone he would have recovered. His liability *quoad* that suit might have been occasioned by some act of Deering binding them both—an act unknown to Eames and not contemplated by him and Bower when the instrument in suit was executed.

*By the Court*—BERRY, J.—Plaintiff was captain of the steamboat "Ben Campbell," upon which he transported for

defendant Bowers a quantity of apples, which he, plaintiff, had received from the steamboat "Centralia," subject to a lien upon the same in favor of the "Centralia" for freight charges thereon. This claim of lien being disputed by Bowers, the plaintiff, without collecting said charges, delivered the apples to Bowers, upon receiving from him and his co-defendant Eames, a bond conditioned as follows; "Now therefore for the purpose of getting such apples from the possession of said John Weller, this bond is given to indemnify said Weller, against any legal liability which he may have incurred to said steamboat "Centralia" by reason of having delivered said apples without having collected said back charges." Judgment for the amount of said charges, interest thereon and costs was recovered by the owners of the "Centralia" against plaintiff, and one Deering, owner of the "Ben Campbell," in an action, of the commencement, pendency and object of which defendants had due notice. It does not appear that the judgment has been paid, nor that the plaintiff has suffered any actual damage in consequence of its rendition, or his liability for the charges aforesaid, or upon said judgment.

The plaintiff brings this action upon the bond, and we are of opinion that upon the facts stated it cannot be maintained.

"Indemnify" is defined by Webster to mean, "1. To save harmless; to secure against future loss or damage. 2. To make up for that which is past; to make good, to reimburse." By Worcester it is defined to mean, "1. To secure against damage, loss, injury or penalty; to save harmless. 2. To compensate for loss or injury; to re-imburse; to remunerate." The word, then, appears to be used in two general senses: first, in the sense of giving security, which in a case like this at bar is done by the execution and

delivery of a bond; and second, in the sense of compensating for actual damage. We think the latter sense is that in which the word "indemnify" must be held to have been used in the bond in this case. If, then, for the purpose of determining what obligation the defendants have assumed, we consult approved lexicographers, it would seem that as the agreement to indemnify was an agreement to compensate for actual damage, this action cannot be maintained without proof of actual damage. And were the question presented *res nova*, and to be answered solely by a consideration of the natural and ordinary signification of the language employed, we should have had very little hesitation in arriving at the conclusion, that a covenant to indemnify against legal liability, would be satisfied by compensation for all actual damage resulting from such liability. But there are not a few authorities having a bearing more or less direct upon the point in hand, and they are not at all harmonious.

In a note to *Cutter vs. Southern*, 1 *William's Saunders*, 116, relied upon by counsel upon both sides in the case at bar, it is said: "In all cases of condition to *indemnify and save harmless*, the proper plea is *non damnificatus*, and if there be any damage the plaintiff must reply it. This plea however cannot be entertained when the condition is to *discharge or acquit* the plaintiff from such a bond, or other particular thing, for then defendant must set forth affirmatively the special manner of performance. But it is otherwise where the condition is to discharge and acquit plaintiff from any damage by reason of such bond, or other particular thing, for that is in truth the same thing with a condition to indemnify and save harmless." (And see *Andrus vs. Waring*, 20 *Johns.*, 161; *McClure vs. Erwin*, 3 *Cowen*, 332; *Wicker vs. Hoppock*, 6 *Wallace*, 94.) The rule thus laid

Weller v. Eames et al.

down in the note of Serjeant Williams, seems to us to be the true rule, and in harmony with the general principles and analogies of the law. No distinction is there taken between an agreement to indemnify against liability, and an agreement to indemnify against damage. But the rule is laid down in general terms that where the agreement is to *indemnify, non damnificatus* is the proper plea; from which it follows that actual damage is necessary to support an action upon such agreement. It has been said (*Carr vs. Roberts*, 5 *Barn. & Adol.*, 78,) that there is a distinction between "indemnify" and "save harmless," the latter phrase possessing the more extensive meaning; and if this be so, the necessity of showing actual damage, where the covenant is to "indemnify" only, is so much the greater. In the case at bar, the agreement is not "to discharge or acquit the plaintiff from such a bond, or other particular thing." It is not to *discharge* or *acquit* him from liability, but to *indemnify* him against liability. If the agreement had been to *pay* the liability, it would have been altogether different from what it really is. Then, under the rule laid down by Serjeant Williams, a rule which is almost always cited and approved whenever the subject comes before the courts, we think the plaintiff is not entitled to recover upon the facts appearing in this case. The principal difficulty presented by the question involved in the case at bar, grows out of conflicting decisions in the State of New York. *Chase vs. Hinman*, 8 *Wendell*, 452, cited by appellant, is perhaps the strongest case in support of his position. It is there distinctly decided that "if the indemnity be not only against *actual damage* or expense, but also against *any liability* for damages or expenses, then the party need not wait until he has actually paid such damages, but his right of action is complete when he be-

comes legally liable for them. " This decision seems to
have been based in a great degree upon *Rockfeller vs. Don-
nelly,* 8 *Cowen,* 639, which is however admitted by the
author of the opinion in *Chase vs. Hinman* to go too far,
and of which justice Bronson in *Aberdeen vs. Blackman,* 6
*Hill,* 326, remarks that it is, "to say the least of it,  *  a
very questionable case." (See also *Webb vs. Pond,* 19
*Wend.,* 423.) And Mr. Sedgwick in his work on damages,
(*pages* 309–314,) shows conclusively, as we think, that the
rule laid down and followed in *Rockfeller vs. Donnelly,* is
neither good law, nor good sense. The case of *Chase vs.
Hinman,* was followed by *Churchill & Hays vs. Hunt,* 3
*Denio,* 321, in which the opinion was delivered by justice
Beardsley, (justices Bronson and Jewett concurring with
him). Justice Beardsley says: "This bond is a common
law obligation, and the part of the condition now in question
is but an engagement to indemnify the plaintiffs against
their liability as makers of the note. Notwithstanding what
is said in the case of *Chase vs. Hinman,* (8 *Wend.,* 452,)
I must say that I am not aware of any distinction, at com-
mon law, between an indemnity against damage, and one
against liability, which warrants a recovery on the latter on
simply showing the fact of liability. In both, as I think,
there must be evidence of actual damage, by the payment
of money or otherwise." *Gilbert vs. Wiman,* 1 *Comstock,*
550, when carefully examined will not be found to affirm
the doctrine above referred to as enunciated in *Chase vs.
Hinman,* if the sound rule be applied that the authority of
a decided case is only co-extensive with the facts appearing
in it. In this condition of the New York authorities, we
have no hesitation in following *Churchill vs. Hunt* as fur-
nishing what seems to us to be the most sensible rule, that
upon an agreement to *indemnify,* actual compensation

Weller v. Eames et al.

should only be allowed for actual loss.    *Warwick vs. Richardson*, 10 *Mees. & Wels.*, 284, cited by appellant, is squarely contradicted by *Aberdeen vs. Blackman*, 6 *Hill*, 325. (See also *Leber vs. Kanffelt*, 5 *Watts & Sergeant*, 442.)  *Pope vs. Hays*, 19 *Texas*, 375, is based upon and follows *Chase vs. Hinman*, while *Irving vs. Reilly*, 34 *Mo.*, 113, appears to follow *Churchill vs. Hunt*. (See also *Jeffers vs. Johnson*, 1 *Zabriskie*, 73.)   We also understand that our view of the question considered is sustained in 3 *Parsons' Contracts*, 186–7, and by the reasoning in *Sedgwick on Damages*, 303–314, where the authorities are reviewed at considerable length.  If we are right, the court below erred in refusing to charge the jury at defendant's request "that the plaintiff had proved no damage, and that they must find for the defendant," and a new trial was properly granted.   In this view of the matter it is unnecessary for us to consider the other points argued.

Order granting a new trial affirmed.