W. B. PRICE, Respondent, v. SOUTHERN INSURANCE COMPANY, Appellant.

### St. Louis Court of Appeals, May 22, 1894.

1. **Practice, Appellate:** MATTERS OF EXCEPTION: INSTRUCTIONS. Rulings on the giving and refusal of instructions can not be reviewed on appeal, if no exception was taken thereto in the trial court.

2. ———: EXHIBITS TO PLEADINGS. An exhibit to a pleading, not being a part of the pleading, can not be considered on appeal, if it is not set forth in the bill of exceptions.

*Appeal from the Greene Circuit Court.*—HON. J. T. NEVILLE, Judge.

AFFIRMED.

*J. W. Farris* for appellant.

*Mixon & Moore* and *McCammon & White* for respondent.

BOND, J.—This action is brought upon a policy of insurance on a stock of saddles, harness, leather, etc., and such other goods as are usually kept in a country saddle and harness shop, for one year from the fifth day of November, 1891, to the amount of $900.

The petition alleged the destruction of the property by fire while the said policy was in force and effect, to wit, about the tenth of December, 1891; that plaintiff in all things complied with the terms and conditions of said policy of insurance, and was, therefore, entitled to the sum of $900 for which he prayed judgment.

The answer admitted the issuance of the policy of $900 as stated in said petition. It denied that plaintiff lost the sum of $900 by the fire, and denied that he made proof of loss within the time and according to the requirements of the said policy, and averred that the policy in question was obtained from defendant by fraud and deceit.

There was evidence tending to show that the cost price of the goods in stock at the time the insurance was procured was about $1,200, and that plaintiff so stated to defendant's agent at the time the policy was taken; that the agent replied: "He had to knock off one-fourth of that and make it $900, and gave me a policy for $900; that thereupon the premium was paid and the contract of insurance made; that, upon the happening of the fire, plaintiff at once notified the agent of defendant, and defendant came out to Lebanon, Missouri, the county seat of the county in which plaintiff lived, and sent for him to go there; that it offered him $675 in settlement of his claim, which he refused, and, that through his attorney he offered to make all the proof they wanted; that plaintiff, through his attorney, furnished proofs of loss, wherein it was

recited that the cash value of the property at the time of the fire was $900, and the loss thereon was $900. When interrogated as to this, plaintiff stated that the property was then worth $900. and more, *i. e.*, $1,200, and that he so stated at the time of making his proof of loss, but that $900 was what it was insured for.

The bill of exceptions recites, to wit: "Plaintiff offered in evidence the policy sued on, number 94862, to which defendant objects because the petition does not state facts sufficient to constitute a cause of action. Objection overruled, to which defendant then and there duly excepted." The bill of exceptions does not thereafter set out such policy as a part of the *evidence* adduced.

After the giving of certain instructions by the court and the refusal of certain other instructions asked by defendant, the jury found a verdict in favor of plaintiff for $964, upon which judgment was rendered and an appeal taken therefrom to this court.

The defendant excepted neither to the instructions given by the court nor to the refusal of those requested by it. These instructions are not therefore open for review on this appeal. *Shannon v. Railroad*, 54 Mo. App. 223; *State v. Elvins*, 101 Mo. 243; *Holliman v. Cabanne*, 43 Mo. 568.

The errors assigned to the action of the court in overruling the motion made by defendant to make the petition more definite and certain are not well assigned. The petition sufficiently states the character and value of the goods destroyed. It nowhere appears that the contract between the parties required a bill of particulars.

Appellant urges as grounds for reversal that proofs of loss were not furnished by respondent according to the conditions of the policy of insurance, and that the recovery for $900 and $64.50 interest was excessive

because the petition alleged the value of the goods to be $900, and the policy contained a clause limiting the company's liability to three-fourths of the value of the goods covered by the policy.

We might reply to these assignments of error that the bill of exceptions does not contain the policy, and evidence must be preserved in the bill of exceptions. The policy was an exhibit to the petition; it is well settled, however, that exhibits are no part of the pleadings to which they are filed, and that, to become evidentiary on the trial, they must be inserted in the bill of exceptions. *Vaughan v. Daniels*, 98 Mo. 230; *State to use v. Samuels*, 28 Mo. App. 649.

But we are also satisfied that there was evidence in this record tending to prove that proofs of loss were duly furnished by respondent and received by appellant, and also that there was evidence tending to show that the value of the goods insured was $1,200 and therefore the recovery was not excessive, since it was not beyond three-fourths of the value of the property insured.

Finding no reversible error in the record, the judgment in this case is affirmed. Judge ROMBAUER concurs. Judge BIGGS is absent.